## VENABLE v. VENABLE et al.

Beck, P. J. 1. It was not error to admit in evidence a certified transcript of certain documents filed in bankruptcy proceedings, over the objection that they were not certified in accordance with the provisions of § 5824 of the Civil Code (1910), the certificate as to their correctness and completeness having the attestation of the clerk of the United States District Court for the Middle District of Alabama and the seal of the court annexed, though the judge of the court did not certify that the attestation was in due form. Turnbull v. Payson, 95 U. S. 418 (24 L. ed. 437); Edwards v. Smith (Tex. Civ. App.), 137 S. W. 1161; Allison v. Robinson, 136 Ala. 434 (34 So. 966); Adams v. Way, 33 Conn. 419; Williams v. Wilkes, 14 Pa. St. 228; Pepoon v. Jenkins, 2 Johns. Cas. (N. Y.) 119; Jenkins v. Kinsley, Coleman & Caine's Cas. (N. Y.) 136; note to Wilcox v. Bergman, 5 L. R. A. (N. S.) 938 (96 Minn. 219, 104 N. W. 955).

2. There was a conflict in the evidence in the case upon the material issues of fact, and the case should have been submitted to the jury under proper instructions. Consequently the judgment of the court below refusing a new trial is reversed, because the court erred in directing a verdict for the plaintiffs. *Judgment reversed. All the Justices concur.*

     No. 2787. June 19, 1922.

Equitable petition. Before Judge Hutcheson. Campbell superior court. July 2, 1921.

44

*J. H. Longino* and *J. F. Golightly,* for plaintiff in error.
*Parker & Parker,* contra.