### 30686. BROWN v. BROWN.

GUNTER, Justice.

This appeal is from a judgment rendered in a divorce and alimony case tried before the judge without the intervention of a jury.

Appellant's first three enumerated errors contend that the judgment rendered was without evidence to support it; that the award of alimony (division of property) was grossly inadequate and unfair to appellant; and that the judgment rendered was erroneous in that the evidence demanded the granting of a divorce to the appellant.

All three of these enumerated errors require review of factual determinations made by the trial judge.

The fourth enumerated error complains that the trial judge did not enter findings of fact and conclusions of law as required by this state's procedure in divorce and alimony cases, Code Ann. § 81A-152.

In *Githens v. Githens,* 234 Ga. 715 (217 SE2d 291) (1975) we held that this statutory provision requires findings of fact and conclusions of law "in contested divorce, contested alimony and contested custody of children actions. The section is mandatory." Also see *Doyal Development Co. v. Blair,* 234 Ga. 261 (215 SE2d 471) (1975).

In *Jardine v. Jardine,* 236 Ga. 323 (223 SE2d 668) (1976), we held that the failure to enumerate error di-

rected to the absence of findings of fact and conclusions of law would amount to harmless or non-reversible error.

The appellant in this case is entitled to have the trial court enter written findings of fact and written conclusions of law as a part of the judgment rendered below. Such findings and conclusions more adequately enable an appellant to complain of and appeal from the judgment rendered. Such findings and conclusions also enable an appellate court to more adequately and promptly review the judgment rendered.

The judgment below is vacated, and the trial court is directed to enter a new judgment based on written findings of fact and written conclusions of law in this case.

*Judgment vacated and case remanded with direction. All the Justices concur.*

SUBMITTED JANUARY 14, 1976 — DECIDED JULY 9, 1976.

*Langford, Pope & Bailey, R. Thomas Pope,* for appellant.

*Neely, Freeman & Hawkins, J. R. Cullens, William E. Cetti,* for appellee.