## 31696. COLEMAN v. COLEMAN.

INGRAM, Justice.

This appeal by the mother is from an order of the Juvenile Court of Houston County which granted the father's petition for change of custody of their minor child. The change in custody was based on a material change of circumstances affecting the welfare of the child since October, 1973, when the mother was awarded custody of the child in a divorce decree. This is a custody controversy case in the nature of habeas corpus and was transferred by the Superior Court of Houston County to the juvenile court for determination.

The mother enumerates two errors for our consideration, but only one of them can be reached—the failure of the juvenile court to make findings of fact and conclusions of law to support its decision. We think that this omission was error and requires a remand.

Superior court judges are required by the Civil Practice Act to enter findings of fact and conclusions of law in the record of contested custody actions. See Code Ann. § 81A-152 (Rev. 1972); and *Githens v. Githens,* 234 Ga. 715 (217 SE2d 291) (1975). The reason for this requirement is to assist this court in its review of the merits of an appeal. See *Motes v. Stanton,* 237 Ga. 440 (228 SE2d 831) (1976); *Brown v. Brown,* 237 Ga. 201 (227 SE2d 360) (1976). The Civil Practice Act, however, does not apply to juvenile courts. *English v. Milby,* 233 Ga. 7 (1) (209 SE2d 603) (1974). Thus, as appellee points out, there is nothing which explicitly requires specific findings of fact by a juvenile court judge when disposing of a contested custody case. Nonetheless, this requirement is implicit in the Juvenile Court Code. The Code requires the juvenile court to make findings of fact in other types of cases over which it has jurisdiction. See Code Ann. §§ 24A-2201 and 24A-3201 (Rev. 1976), and *Crook v. Georgia Dept. of Human Resources,* 137 Ga. App. 817 (224 SE2d 806) (1976). It also requires court-appointed referees to make findings after hearings on juvenile matters. See Code Ann. § 24A-701 (Rev. 1976). Therefore, although not specifically mandated in transferred custody cases, the requirement of findings of fact is clearly implied. See also

*English v. Milby,* supra, at p. 9. Moreover, the inclusion of this requirement comports with the legislative mandate that the Juvenile Court Code be "liberally construed" to further the best interests of children coming under its provision. See Code Ann. § 24A-101 (Rev. 1976).

We hold that findings of fact and conclusions of law must be made by the trial judge and must be included in the record of transferred contested custody cases. We vacate the judgment and remand with direction that the trial judge enter appropriate findings of fact and conclusions of law in the record of this case with leave to the adversely affected party to file a new appeal within 30 days of the trial court's final order.

*Judgment vacated and remanded with direction. All the Justices concur, except Hall, J., who dissents.*

ARGUED NOVEMBER 22, 1976 — DECIDED JANUARY 6, 1977.

*George L. Williams, Jr.,* for appellant.
*Nunn, Geiger, Harrington & Pierce, Walter E. Harrington, Jr.,* for appellee.