*B. J. Smith,* for appellee.

54527. In The Interest of: A. A. G.

BIRDSONG, Judge.

This is an appeal from an order of the juvenile court terminating appellant father's parental rights pursuant to a petition alleging that the child was deprived. Appellant complains that the judgment is not supported by the evidence, as well as that the court failed to make the explicit statutory findings that the child is deprived, that the causes are likely to continue, and that by reason thereof, the child is suffering harm. *Held:*

1. "In ruling on deprivation petitions, findings of fact should be made in accordance with CPA § 52 (a), Code Ann. § 81A-152(a) (Ga. L. 1969, pp. 645, 646; 1970, pp. 170, 171). Code Ann. § 24A-2201(a) (Ga. L. 1971, pp. 709, 732); *Crook v. Dept. of Human Resources,* 137 Ga. App. 817 (224 SE2d 806) (1976); see *Coleman v. Coleman,* 238 Ga. 183 (232 SE2d 57) (1977)." *W. R. G. v. State of Ga.,* 142 Ga. App. 81 (235 SE2d 43) (1977). The trial judge failed to make such findings of fact and conclusions of law. We do not consider the one sentence order sufficient to constitute findings of fact as required by the sources cited above. *W. R. G. v. State of Ga.,* supra. Accordingly, the appeal is remanded to the trial court with direction that it vacate the judgment, prepare appropriate findings of fact, and enter a new judgment.

2. In view of the foregoing, it is not necessary to consider appellant's contention that the judgment was not supported by the evidence. After the new judgment is entered, with appropriate findings of fact, the losing party shall be entitled to enter another appeal. *Spivey v. Mayson,* 124 Ga. App. 775 (186 SE2d 154) (1971).

*Appeal remanded with direction. Deen, P. J., and Webb, J., concur.*

SUBMITTED SEPTEMBER 8, 1977 — DECIDED OCTOBER 25, 1977.

*Glaze, McNally & Glaze, William R. McNally,* for

appellant.

*Monroe Ferguson, Joseph M. Todd,* for appellee.