59334. WOODRUFF v. B-X CORPORATION.

QUILLIAN, Presiding Judge.

This is an appeal by the defendant from a judgment for the plaintiff in the amount of $900 for rent in a proceeding against the defendant, as a tenant holding over. *Held:*

1. Code Ann. § 61-303 (Code § 61-303; as amended through Ga. L. 1976, pp. 1372, 1377) provides: "If the tenant fails to answer at or before the date provided in section 61-302 (b), the tenant may reopen the default as a matter of right by making an answer within seven days after the date of the default notwithstanding the provisions of section 55 of the Georgia Civil Practice Act (Ga. L. 1966, p. 609), as now or hereafter amended. If the seventh day is a Saturday, Sunday or legal holiday, then the answer may be made on the next day which is not a Saturday, Sunday or legal holiday. *Such date shall be stated on the summons.*" (Emphasis supplied.) The defendant contends that the summons served upon him was a nullity since the date was not written in what he contends was the body of the summons. While better practice would be to include the statement required by Code Ann. § 61-303 within the main paragraph of the summons, the placing of the date on the back did not constitute a failure to comply with Code Ann. § 61-303 so as to void the summons.

2. Finding of fact and conclusions of law are mandatory under Code Ann. § 81A-152 (a) (Ga. L. 1969, pp. 645, 646; 1970, pp. 170, 171). *Doyal Dev. Co. v. Blair,* 234 Ga. 261 (215 SE2d 471). "The trial judge is to ascertain the facts and to state not only the end result of that inquiry but the process by which it was reached." *Beasley v. Jones,* 149 Ga. App. 317, 319 (254 SE2d 472). "A mere recitation of

the events that took place at the trial does not satisfy the requirements of CPA § 52 (a)." *Fred R. Surface & Assoc. v. Worozbyt,* 148 Ga. App. 639 (252 SE2d 67). See *Hickok v. Starka Industries,* 151 Ga. App. 668 (261 SE2d 418).

The order complained of consisted of a recitation of the events that took place at trial and did not meet the requirements of the cases interpreting Code Ann. § 81A-152 (a).

The judgment is vacated and the appeal is remanded with direction that the trial judge enter a new judgment based on findings of fact and conclusions of law, after which the losing party shall be free to appeal.

*Judgment vacated and appeal remanded with direction. Shulman and Carley, JJ., concur.*

ARGUED FEBRUARY 13, 1980 — DECIDED MARCH 6, 1980— REHEARING DENIED MARCH 31, 1980 —

*Gary J. Leshaw, Dennis Goldstein,* for appellant.
*Thomas B. West,* for appellee.