68588. FAIRBURN BANKING COMPANY v. UPTON.
(321 SE2d 814)

SOGNIER, Judge.

Patricia Upton filed a claim to property which the Fairburn Banking Company had levied upon pursuant to a judgment it had obtained against Robert Upton. Fairburn Banking Company appeals from the trial court's order finding in favor of Upton.

The case was tried in the State Court of Clayton County without a jury. Appellant contends that the trial court erred by failing to make findings of fact and conclusions of law. The trial court was required to set forth findings of fact and conclusions of law pursuant to

OCGA § 9-11-52 (a). *Forrest v. Garner*, 164 Ga. App. 396 (298 SE2d 259) (1982). Although the sole issue before the trial judge, as trier of fact, was whether or not appellee was the owner of the personalty, *Jones v. Spindel*, 143 Ga. App. 341 (238 SE2d 703) (1977), and appellee's testimony during the very brief hearing that she owned the property was the only evidence the trial judge could have recited in his order as the basis for his finding of fact, under this court's holdings in cases such as *C & H Couriers v. American Mut. Ins. Co.*, 166 Ga. App. 853 (305 SE2d 500) (1983) and *Woodruff v. B-X Corp.*, 154 Ga. App. 197 (2) (267 SE2d 757) (1980), we must hold that the trial judge's bare recital that "this Court hereby finds in favor of the claimant on her claim and hereby grants judgment in favor of Patricia Upton declaring that she is the rightful owner of all of the property listed in exhibit 'A' attached hereto except [a list of 12 items]" is insufficient under the requirements of OCGA § 9-11-52 (a). But see *Paxton v. Trust Co. Bank of Gwinnett County*, 245 Ga. 834 (268 SE2d 154) (1980) (standard to be applied should *any* facts be recited in the order); *Smith v. Public Storage, Inc.*, 163 Ga. App. 455 (294 SE2d 685) (1982).

"Since the trial court failed to make the required findings and since that requirement was not waived, 'the appeal is remanded with direction that the trial judge vacate the judgment, prepare, or cause to be prepared, appropriate findings of fact and conclusions of law, and enter a new judgment thereon, after which the losing party shall be free to enter another appeal if [it] should wish to do so.' [Cit.]" *C & H Couriers*, supra at 854.

Because the judgment must be remanded for further proceedings, it is unnecessary for us to consider appellant's other enumeration of error.

*Case remanded with direction. McMurray, C. J., and Deen, P. J., concur.*

DECIDED SEPTEMBER 11, 1984.

*Daniel F. Byrne*, for appellant.
*Mark A. Kelley*, for appellee.