### 72589. SILLS et al. v. BRUCE et al.

(347 SE2d 685)

BIRDSONG, Presiding Judge.

John and Mary Bruce are the natural parents of Shane Bruce, born March 29, 1979. In September of 1980, John and Mary separated and were subsequently divorced in November of 1982. John was given legal custody of Shane in the final divorce decree. John and Shane moved in with John's mother and stepfather, J. L. and Thelma Sills, the appellants, in 1980. John moved from his mother's home at an undetermined date. The Sills filed this action May 22, 1984, for modification of the custody order, alleging Shane had lived with them since 1980. The petition also alleged the father was living with his girl friend, who was married to another man, and that Shane's mother was residing with her boyfriend, and both were unfit to provide proper care and guidance for Shane, and requested they be awarded temporary and permanent custody of Shane. The trial court issued a rule nisi granting temporary custody of Shane to the Sills pending a hearing on the petition. John Bruce answered and admitted he had moved out of his mother's home, but contended he took Shane with him and returned Shane to the Sills on the advice of his attorney. The complaint and rule nisi refer to a psychological report rendered on Shane, dated March 26, 1984, which is not in the record.

On May 22, 1984, John Bruce brought an action against the Sills, alleging he had remarried, was a fit and proper parent, and requested modification of the court's rule nisi order of May 17, 1984, until a hearing could be held. The trial court combined these cases for decision. The Sills answered Bruce's complaint and counterclaimed, alleging exclusive custody of Shane since 1983, and that Shane had lived with them since 1980, that the father abandoned Shane and had agreed to give the Sills custody of Shane.

Three issues were posed by the complaints: (1) fitness of the father, (2) abandonment of the child, and (3) voluntary relinquishment of custody of Shane by the father to the Sills. The trial court issued an order in which it summarized the controlling "facts" as a "dispute over the custody of a minor child" between the child's father and the child's grandmother and step-grandmother, on the basis of "voluntary relinquishment by contract, and abandonment, and that it would be in the best interests of the child." The court then found "[t]he fitness of the father is not contested," and the testimony as to "whether . . .

the . . . father . . . voluntarily relinquished . . . his rights to the child" was in conflict and it could not find "as a matter of fact or law that the child's father has contracted his child away to the grandparents." The court found further that the father had not abandoned the child and the child's best interest would not suffer by the award of permanent custody to the father. We granted the Sills' application for permission to appeal. *Held*:

Our Code requires in actions tried upon the facts without a jury that the court "shall find the facts specially and shall state separately its conclusions of law thereon. . . ." OCGA § 9-11-52 (a). Our Supreme Court held that this section "requires findings of facts and conclusions of law in . . . contested custody of children actions . . . [and] is mandatory." *Githens v. Githens*, 234 Ga. 715, 716 (217 SE2d 291). "The appellant . . . is entitled to have the trial court enter written findings of fact and written conclusions of law as a part of the judgment rendered below. Such findings and conclusions more adequately enable an appellant to complain of and appeal from the judgment rendered. Such findings and conclusions also enable *an appellate court* to more adequately and promptly review the judgment." (Emphasis supplied.) *Brown v. Brown*, 237 Ga. 201, 202 (227 SE2d 360). Although the court's order does contain adequate conclusions of law, there is an absence of any findings of fact and "[a]n intelligent review of the merits of this appeal is precluded without explanatory findings of fact by the trial judge." *Motes v. Stanton*, 237 Ga. 440, 441 (228 SE2d 831); accord *Coleman v. Coleman*, 238 Ga. 183 (232 SE2d 57); *Chambless Ford Tractor v. McGlaun Farms*, 169 Ga. App. 672, 674 (314 SE2d 689). Therefore, the judgment will be vacated and the case remanded with direction to the trial court to enter findings of fact and conclusions of law in this case, and a new judgment, after which the losing party shall be entitled to seek a discretionary review thereof by this court.

*Judgment vacated and case remanded with direction. Banke, C. J., and Sognier, J., concur.*

DECIDED JULY 8, 1986.

*John A. Nix, Janet G. C. Hearns*, for appellants.
*A. R. Barksdale*, for appellees.