A94A0185. IN THE INTEREST OF D. S. et al., children.
(441 SE2d 412)

BIRDSONG, Presiding Judge.

To review the trial court's order placing temporary custody of the above named children in the Department of Family & Children Services for 18 months, we granted this discretionary appeal.

The trial court's order, as to the facts, states only: "The petition was presented on the basis that the natural mother is unable to provide the necessary parental care and control of the minor children at the present time. The caseworker for the [Department of Family & Children Services (DFCS)] testified . . . that the natural mother has been living with a man who when arrested had a large amount of marijuana and pills in their house. The caseworker further stated that the kitchen was very dirty with food rotting. She also stated that there were live and dead roach bugs in the refrigerator with little or no food. The caseworker also testified that there was evidence of rodents in the home. The caseworker further testified that there had been a drug raid on the home of the natural mother in 1992 and that a large amount of drugs were found in the home at that time which

were accessible to the children."

This evidence does not constitute clear and convincing evidence of deprivation under OCGA § 15-11-2 (8). The fact that the petition was presented on a certain basis is without probative value. The caseworker's testimony that the mother has been living with a man "who when arrested had a large amount of marijuana and pills in their house," and that there had been a drug raid on the mother's home in 1992 and a large amount of drugs was found in the home accessible to the children, is obviously hearsay unless the caseworker was present during the arrest and the drug raid. There is, further, a question whether the caseworker's statements concerning drug raids and marijuana are supported by the evidence. Appellant denies these facts are true. The caseworker testified that the mother volunteered for a drug test and tested "clean." The person arrested for drug activity was apparently the children's father, who had left the home and to whose house the children were allegedly placed by DFCS when they were removed from their mother's home. The caseworker's "quandary" had to do with "smoke" (rumors). He had no opinion whether the mother is an appropriate mother, but said: "I don't have any reason to have [an opinion] one way or the other . . . I don't have any reason to believe that she's not or that she is. My concern again [is] just my quandary is [sic] keeps popping up."

The entire record may show evidence from which clear and convincing evidence of deprivation may be found, but the trial court did not find or rely on such evidence.

Only after making the finding of deprivation may the court consider hearsay. *In the Interest of J. C.*, 242 Ga. 737 (251 SE2d 299), appeal dismissed 441 U. S. 929 (99 SC 2046, 60 LE2d 657). In a ruling on a deprivation petition, the trial court is required to find deprivation specifically (OCGA § 15-11-33) and explicit findings of fact must be made in accordance with OCGA § 9-11-52. *In the Interest of A. A. G.*, 143 Ga. App. 648 (239 SE2d 697); *W. R. G. v. State of Ga.*, 142 Ga. App. 81 (235 SE2d 43). OCGA § 9-11-52 (a) provides that the trial court "shall . . . find the facts specially and shall state separately its conclusions of law." The facts found must support the conclusions reached. A bare statement of some facts considered does not show that those facts support the conclusions so as to comply with § 9-11-52 (a) (*Moore v. Farmers Bank of Union Point*, 182 Ga. App. 94 (354 SE2d 692)), and a dry recitation that certain legal requirements have been met is insufficient to satisfy OCGA § 9-11-52 (a). *Beasley v. Jones*, 149 Ga. App. 317 (254 SE2d 472). The findings of fact required to be recited in deprivation cases " 'more adequately enable an appellant to complain of and appeal from the judgment rendered. Such findings and conclusions also enable *an appellate court* to more adequately and promptly review the judgment.' (Emphasis

supplied.) *Brown v. Brown*, 237 Ga. 201, 202 (227 SE2d 360)." *Sills v. Bruce*, 179 Ga. App. 697, 698 (347 SE2d 685). An intelligent review of the merits of this appeal is precluded without explanatory findings of fact by the trial judge. Id. and cases cited. We have repeatedly said we will not cull the record to find error for an appellant; the same goes for review of an order which is required by law to contain specific findings of fact constituting clear and convincing evidence of deprivation sufficient to remove children from their home.

The judgment is vacated and the case remanded with direction to the trial court to enter findings of fact and conclusions of law and a new judgment, after which the losing party may seek discretionary review. See *Sills*, supra.

*Judgment vacated and case remanded. Cooper and Blackburn, JJ., concur.*

### On Motion for Reconsideration.

On motion for reconsideration, the Department of Human Resources "requests clarification from the court as to its intention as far as placement of the minor children pending a resolution by the juvenile court." This court has no intention with regard to placement of the minor children pending a proper finding of fact and conclusion of law by the trial court. We decline to issue an advisory opinion as to the department's present duties. The legal status of the children after we vacated the order and remanded the case is obvious: a petition seeking temporary custody is pending, a hearing has been held and evidence adduced, but no legal order has been entered.

The department again extensively argues a mass of evidence which it says is in the record, or evidence which it says is not in the record as alleged by appellant. Whether such evidence is in the record was not properly before us, for the trial court's order was insufficient on its face to support the award and we cannot review the evidence until a proper order is entered. We will not cull the record to find evidence to support a custody order which relied on illegal evidence and was wholly insufficient to present any issue for appellate review for the reasons stated in the opinion. The department continues to insist that even though a significant part of the evidence relied on by the court below was hearsay, we must comb the record to find evidence to uphold the juvenile court's action. This assertion suggests that the juvenile court need not give legally sufficient reasons for removing children from their parents and deprives appellant of the right to have the trial court base its ruling on competent evidence.

*Motion for reconsideration denied.*

DECIDED JANUARY 25, 1994 —
RECONSIDERATION DENIED FEBRUARY 28, 1994.

*Davis, Kirsch & Wolfe, Dock H. Davis,* for appellant.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, Teresa E. Lazzaroni, Staff Attorney, Price & Pyles, T. Christopher Pyles,* for appellee.