A94A0079. IN THE INTEREST OF D. L. G. et al., children.
(442 SE2d 11)

BLACKBURN, Judge.

Appellant appeals an order of the Juvenile Court of Clayton County which found appellant's three children to be deprived and placed them in temporary custody of the Department of Family & Children Services.

1. Appellant asserts that the trial court failed to make specific findings of fact sufficient to support its order finding deprivation. It is well-established that " '[i]n ruling on deprivation petitions, findings of fact should be made in accordance with [OCGA § 9-11-52 (a)]. . . .' [Cit.]" *In the Interest of A. A. G.*, 143 Ga. App. 648 (1) (239 SE2d 697) (1977). See also *W. R. G. v. State of Ga.*, 142 Ga. App. 81 (235 SE2d 43) (1977); *Jackson v. Jackson*, 145 Ga. App. 564 (244 SE2d 91) (1978); OCGA § 15-11-33.

In the present case, the trial court's order sets forth the allegations contained in the deprivation petition; facts regarding the informal hearing (such as date and those in attendance), and facts regarding the formal hearing (again, the date of the hearing and a list of those in attendance). Thereafter, the trial court set forth its conclusions. The trial court did not adopt the allegations contained in the deprivation petition as conclusions of fact.

"Finding of fact and conclusions of law are mandatory under [OCGA § 9-11-52 (a)]. [Cit.] 'The trial judge is to ascertain the facts and to state not only the end result of that inquiry but the process by which it was reached.' [Cit.] 'A mere recitation of the events that took place at the trial does not satisfy the requirements of [OCGA § 9-11-52 (a)].' [Cits.]" *Woodruff v. B-X Corp.*, 154 Ga. App. 197 (2) (267 SE2d 757) (1980). Furthermore, "[a] bare statement of what the court considered in reaching its conclusions is not a recitation of how those facts give support to or what constitutes the separate conclusions. [Cits.]" *Moore v. Farmers Bank of Union Point*, 182 Ga. App. 94, 95 (354 SE2d 692) (1987). Therefore, as the trial court failed to set forth its findings of fact upon which it based its finding of deprivation, we must remand this appeal with direction that the trial court vacate the judgment, prepare appropriate findings of fact, and enter a new judgment, after which another appeal may be made. Id.

2. We are unable to examine the merits of the trial court's order prior to the remand of this case.

*Judgment vacated and appeal remanded with direction. Birdsong, P. J., and Cooper, J., concur.*

DECIDED MARCH 9, 1994.

*Robert L. Waller III,* for appellant.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, Teresa E. Lazzaroni, Staff Attorney, Crews, Salter & Gisler, H. Burton Crews, Jerry L. Patrick, Jr.,* for appellee.