A99A2365. IN THE INTEREST OF J. B. et al., children.
(527 SE2d 275)

BLACKBURN, Presiding Judge.

Appellant appeals the trial court's finding that her children are deprived pursuant to OCGA § 15-11-2 (8), contending that: (1) the trial court employed incorrect standards in making its determination of deprivation; (2) she received insufficient notice of the deprivation hearing; and (3) the evidence supporting the court's ruling was neither clear nor convincing. Because the trial court employed incorrect standards and, therefore, failed to make appropriate findings of fact sufficient to support its finding of deprivation, we must vacate its finding of deprivation and remand this case.

The record shows that appellant and her former husband are the parents of two minor children, a boy and a girl. During divorce pro-

ceedings, appellant accused her husband of molesting her daughter, and the trial court awarded sole physical custody of the children to appellant on May 12, 1988. As part of this custody order, the trial court directed appellant to (1) take her children to a therapist for an abuse evaluation to gauge the merit of the accusations of abuse and (2) keep her daughter away from her maternal grandparents and others who might be influencing the child's testimony.

Appellant wholly failed to comply with the court's order, and, subsequently, the trial court found her to be in contempt and had her incarcerated. Then, on March 11, 1999, the trial court conducted a deprivation hearing and determined that appellant's children were deprived in accordance with OCGA § 15-11-2 (8) due to their mother's contemptuous actions, and it awarded physical and legal custody to the Department of Family & Children Services (DFACS), pending the children's abuse evaluation. On May 11, 1999, the trial court entered an order in which it authorized DFACS to transfer physical custody back to appellant following its abuse evaluation. The trial court also ordered DFACS to retain legal custody of the children.

1. We find that the trial court erred because it treated this case as a continuation of its prior, final custody determination in the divorce proceedings and, as a result, the finding of deprivation was not supported by the appropriate considerations and findings of fact.

It is well settled that, when ruling on deprivation petitions, findings of fact must be made in accordance with OCGA § 9-11-52 (a). *In the Interest of D. L. G.*, 212 Ga. App. 353 (1) (442 SE2d 11) (1994).

> Finding[s] of fact and conclusions of law are mandatory under OCGA § 9-11-52 (a). The trial judge is to ascertain the facts and to state not only the end result of that inquiry but the process by which it was reached. A mere recitation of the events that took place at the trial does not satisfy the requirements of OCGA § 9-11-52 (a). Furthermore, a bare statement of what the court considered in reaching its conclusions is not a recitation of how those facts give support to or what constitutes the separate conclusions.

(Citations and punctuation omitted.) Id.

Yet, in its order finding deprivation, the trial court states:

> In this custody and contempt action, this Court is sitting by designation of the Gwinnett County Superior Court. In awarding temporary custody in a divorce action, the trial court is not required to enter findings of fact and conclusions

of law. *Wilbanks v. Wilbanks*, 238 Ga. 660 [(234 SE2d 915)] (1977). Nonetheless, the Court takes judicial notice of all previous findings of fact and conclusions of law and incorporates same as if fully set forth here.

This statement shows that the trial court was inappropriately treating a deprivation determination as part of a custody determination which does not require separate, specific findings of fact. Therefore, as the trial court failed to conduct its analysis of the facts appropriately and failed to prepare findings of fact pursuant to the appropriate standard, we must remand this case with direction that the trial court vacate the judgment, prepare appropriate findings of fact employing statutory standards for determination of deprivation, not custody pursuant to divorce, and enter a new judgment.

2. Although appellant contends that the decision of the trial court should be reversed because she received insufficient notice of the deprivation hearing, the record shows that she failed to raise the issue at the deprivation hearing. Appellant's attorney pointed out that she had not received a deprivation petition prior to the hearing, but she made no objection and, after reading the petition at the hearing, indicated that she was ready to proceed. As such, appellant has waived any right to argue on appeal that she received insufficient notice in this case. *In the Interest of S. J. M.*, 225 Ga. App. 703, 705 (484 SE2d 764) (1997).

3. Because we must remand this case for appropriate findings of fact, we are unable to examine the merits of the trial court's order at this time. *In the Interest of D. L. G.*, supra.

*Judgment vacated and case remanded. Eldridge and Barnes, JJ., concur.*

DECIDED DECEMBER 23, 1999.

*Adrienne R. McFall, J. Hue Henry, Marie E. Bruce*, for appellant.
*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, William C. Joy, Senior Assistant Attorney General, Shalen A. Sgrosso, Assistant Attorney General, Cheeley & King, John P. Cheeley*, for appellee.