A01A2350. IN THE INTEREST OF A. D. L., a child.
(557 SE2d 489)

ELDRIDGE, Judge.

Appellant, the biological father of A. D. L. III and the noncustodial parent, appeals the Chatham County Juvenile Court's termination of his parental rights contending, among other things, that the trial court erred in failing to set forth explicit findings establishing parental misconduct or inability under OCGA § 15-11-94 (b). The termination petition, filed by the child's biological mother from whom the appellant was divorced in June 1997, sought the termination of appellant's parental rights for nonsupport and abandonment of the child for a period exceeding one year before the petition to terminate was filed. After its hearing, the trial court ordered the termination of the appellant's parental rights, finding parental misconduct or inability for wanton and wilful nonsupport and as in the best interest of the child. OCGA § 15-11-94 (a), (b) (2).

Pertinently, the record shows that the parties were married in 1993. Their son, A. D. L., was born in 1995. The following year the couple separated, and divorce proceedings were instituted. On October 31, 1996, a trial judge of the Chatham County Superior Court issued a temporary order in the divorce action, among other things, ordering the appellant to pay $80 per week as child support starting October 27, 1996. When the final decree of divorce was entered in June 1997, the appellant was ordered to pay child support in the amount of $660 per month upon the finding that his gross annual income was $40,000. Thereafter, the superior court twice issued contempt orders against the appellant. The first of these cited the appellant for his failure to deliver a medical insurance policy for the benefit of the child, and the second such order, issued a month later, cited the appellant for his failure to pay court-ordered child support. Notwithstanding the foregoing, no evidence of record reflects the appellant's payment of child support from early February 1997 through the termination hearing in August 1998.

On November 14, 1997, the appellant was discharged in Chapter 7 bankruptcy without distribution of assets, and, at the time of the termination hearing, he owed in excess of $12,000 in child support. The appellant, nonetheless, did not appear at the termination hearing, because the space available, nonrevenue guest airline ticket he obtained to travel to the hearing was cancelled. Noting that the superior court had found that the appellant failed to appear at its May 1997 contempt hearing and at its final hearing on the appellant's divorce two months later, at its termination hearing the juvenile court found that the appellant had "ample opportunity to make arrangements" to be present. It is also undisputed in the record that the appellant had not had contact of any sort with his son for more

than 20 months before the termination hearing. *Held*:

1. Appellant's claim that the juvenile court erred in refusing to consider evidence of his inability to pay child support is without merit. At its August 1998 termination hearing, without objection, the juvenile court properly ruled inadmissible a copy of a document purporting to be a discharge order of the U. S. Bankruptcy Court for the Middle District of Florida discharging the appellant in Chapter 7 bankruptcy as uncertified. OCGA § 24-7-24 (a); see also *Venable v. Venable*, 153 Ga. 689 (1) (112 SE 891) (1922) (documents in bankruptcy proceedings certified by the clerk of court as correct and complete admissible). Notwithstanding the foregoing and the appellant's failure to appear at the termination hearing despite good notice thereof, the juvenile court gave the appellant leave through counsel to submit a post-hearing affidavit before issuing its termination order. See *In the Interest of T. B. R.*, 224 Ga. App. 470, 478 (3) (480 SE2d 901) (1997) (notice of hearing under OCGA § 15-11-39.1 reasonably calculated to afford parties due process right of opportunity to be heard). This the appellant did, attaching duly certified copies of the bankruptcy court's orders discharging him in bankruptcy on November 14, 1997, without distribution. As additional evidence in support of his alleged inability to pay, the appellant attached to his post-hearing affidavit two documents purporting to show that he had twice been evicted from rental properties he lived in the year before the termination hearing. There thus is no error for "failure to consider" the evidence supporting appellant's claim of financial inability to pay court-ordered child support as here in issue.

We nonetheless conclude, as the juvenile court found, that the appellant failed to come forward with evidence showing his inability to pay court-ordered child support. Because the debtor's estate in federal bankruptcy law is subject to extensive exemption to ensure debtors a "fresh start,"[1] among other things,[2] protecting their families from impoverishment, see 11 USC § 522 (b) (1), (d); *In the Matter of Hahn*, 5 Bankr. 242 (S.D. Iowa 1980), the appellant's discharge in

---

[1] "[T]he Federal exemption scheme reflects a Federal interest in seeing that a debtor who petitions the Bankruptcy Court for relief comes out with adequate possessions to begin a *fresh start*." (Emphasis supplied.) *In the Matter of Upright*, 1 Bankr. 694, 701 (N.D. N.Y. 1979). Accord *In re Parrish*, 19 Bankr. 331, 334 (D. Colo. 1982).

[2] There are five basic purposes for exemption laws: 1. To provide a debtor enough money to survive. 2. To protect his dignity and his cultural and religious identity. 3. To afford a means of financial rehabilitation. 4. To protect the family unit from impoverishment. 5. To spread the burden of the debtor's support from society to his creditors. [Cits.]

*In the Matter of Hahn*, 5 Bankr. 242, 244 (S.D. Iowa 1980). In this regard, "debts for alimony or *maintenance or support of wife or child* are not dischargeable in bankruptcy." (Punctuation omitted; emphasis in original.) *McLure v. McLure*, 163 Ga. App. 469, 470 (294 SE2d 693) (1982).

bankruptcy nearly a year before the termination was not probative of his inability to pay court-ordered child support; rather, it indicated the contrary.

Neither were the two documents on which the appellant relies to show that he was unable to pay his rent in the year before the termination hearing probative of more than the nonpayment of rent. Such documents were also inadmissible as hearsay, i.e., the first, as a copy of an additional uncertified order of the bankruptcy court granting landlord Flossie Clemmons relief from automatic stay for the purpose of evicting the appellant, *Venable v. Venable*, supra, and the second, as a copy of a document denominated "Five (5) Day Notice to Pay or Quit" for want of separate foundations duly authenticating each document and establishing status as a copy of an original writing or record made in the regular course of business. See OCGA § 24-5-26 (admission of a photostatic copy of a writing without accounting for the original admissible if the photostatic copy made in the regular course of business to preserve the writing); see also *Suarez v. Suarez*, 257 Ga. 102, 103 (2) (355 SE2d 649) (1987) (admissibility as business record conditioned upon authentication as such).

Juxtaposed against the absence of evidence in the record showing the appellant's inability to pay child support is the undisputed finding of the superior court that the appellant's annual gross income at the time of the final judgment and decree of divorce was $40,000. Nothing of record shows that the appellant sought a downward modification of the court-ordered child support calculated on the basis of such annual income. Accordingly, even had the juvenile court erred in not considering the appellant's discharge in bankruptcy and his evictions (and we have held the contrary), any such error would have been harmless as above. See *Tarleton v. Griffin Fed. Sav. Bank*, 202 Ga. App. 454, 455 (2) (b) (415 SE2d 4) (1992) ("An appellant must show harm as well as error to prevail on appeal; error to be reversible must be harmful. [Cits.]").

It must be remembered that termination for nonsupport means no payment of support in any amount and not a failure to pay all of a court-ordered support. Here, the father had other priorities as to who received money, which did not include even a little support for his child.

2. The trial court did not err in finding appellant's parental rights lost because its order failed to explicitly find parental misconduct or inability upon further explicit findings by clear and convincing evidence that: (1) the child is deprived; (2) the lack of proper parental care or control is the cause of deprivation; (3) the cause of deprivation is likely to continue or will not likely be remedied; and (4) the continued deprivation is likely to cause serious physical, mental, emotional, or moral harm to the child. OCGA § 15-11-94 (b)

(4) (A) (i)-(iv). OCGA § 15-11-94 (a) establishes two statutory criteria for the termination of the appellant's parental rights. That statute provides:

> In considering the termination of parental rights, the court shall first determine whether there is present clear and convincing evidence of parental misconduct or inability *as provided in subsection (b) of this Code section.* If there is clear and convincing evidence of such parental misconduct or inability, the court shall then consider whether termination of parental rights is in the best interest of the child, after considering the physical, mental, emotional, and moral condition and needs of the child who is the subject of the proceeding, including the need for a secure and stable home.

(Emphasis supplied.) Id. Further, "[t]he juvenile court is required to make explicit[3] findings as to the existence of parental misconduct or inability as defined in OCGA § [15-11-94] (b)." *In the Interest of G. K. J.*, 187 Ga. App. 443, 445 (3) (370 SE2d 490) (1988); *Crook v. Ga. Dept. of Human Resources*, 137 Ga. App. 817 (224 SE2d 806) (1976); *Williams v. Dept. of Human Resources*, 148 Ga. App. 219 (251 SE2d 134) (1978); *Griffith v. Ga. Dept. of Human Resources*, 159 Ga. App. 649 (284 SE2d 666) (1981); compare *In the Interest of G. K. J.*, supra ("[T]here is no explicit statutory requirement for entering the specific findings of fact which support the juvenile court's ultimate finding that, based upon its further consideration of the best interest of the child, the rights of a defaulting parent should be terminated.").[4]

However, inasmuch as OCGA § 15-11-94 (b) authorizes the termination of parental rights upon four mutually exclusive grounds as separated by semicolons and as to the third and fourth grounds, the word "or" as well, each ground thereof is sufficient to establish parental misconduct or inability within the meaning of OCGA § 15-11-94

---

[3] The requirement for explicit findings may not be satisfied by a dry recitation of the OCGA § 15-11-94 (b) findings. *McCary v. Dept. of Human Resources*, 151 Ga. App. 181, 183 (2) (259 SE2d 181) (1979). "Findings of fact and conclusions of law are mandatory under OCGA § 9-11-52 (a). The trial judge is to . . . state not only the end result of that inquiry but the process by which it was reached." (Citations omitted.) *In the Interest of J. B.*, 241 Ga. App. 679, 680 (1) (527 SE2d 275) (1999). This is essential so that on review the higher standard of evidence applicable can be demonstrated. See *Greene County v. North Shore Resort &c.*, 238 Ga. App. 236, 240 (2) (517 SE2d 553) (1999) (purpose of findings of fact threefold: (1) to aid the trial judge's process of adjudication; (2) for purposes of res judicata and estoppel by judgment; and (3) as an aid upon appellate review).

[4] "[E]ntirely unlike the juvenile court's [consideration] of parental [misconduct] or inability which is narrowly limited to the objective grounds enumerated in OCGA § [15-11-94 (b) (4) (A)], the inquiry into the best interest of the child is necessarily a broader and somewhat more subjective one . . . not . . . amenable to appellate review other than for a manifest abuse of discretion." *In the Interest of G. K. J.*, supra at 445 (3).

(a) if explicitly found upon clear and convincing evidence. Because the meaning of this statute is plain, unambiguous, and leads to no absurd or impracticable consequence, we must construe it according to its terms and no further inquiry as to its interpretation is conducted. *Diefenderfer v. Pierce*, 260 Ga. 426, 427 (396 SE2d 227) (1990); see *Chives v. State*, 214 Ga. App. 786, 787 (449 SE2d 152) (1994). Thus, the juvenile court here did not err for explicitly finding wanton and wilful nonsupport under OCGA § 15-11-94 (b) (2) without further finding parental misconduct and inability under OCGA § 15-11-94 (b) (4) (A) (i)-(iv).

It remains to determine the sufficiency of the evidence supporting the juvenile court's determination that the appellant's parental rights in A. D. L. here were lost. In this regard, there is no evidence of record reflecting the appellant's payment of child support from early February 1997 through its termination hearing in August 1998, a period of 19 months. The appellant has not come forward with evidence showing that he lacked an ability to pay any child support, and there is evidence that the appellant had no contact with his son for more than 20 months prior to the termination hearing. Under these circumstances, the juvenile court's finding that the appellant wantonly and wilfully failed to pay any court-ordered child support for a period of 12 months or more, OCGA § 15-11-94 (b) (2), showed parental misconduct or·inability by clear and convincing evidence. The juvenile court's further finding that the termination of the appellant's parental rights was in the best interest of A. D. L. was likewise supported by clear and convincing evidence. " '[The] same factors which show the existence of parental misconduct or inability can also support a finding that the termination of parental rights of the defaulting parent would be in the child's best interest.' (Citations and punctuation omitted.) *In the Interest of J. S.*, 232 Ga. App. 876, 881 (1) (502 SE2d 788) (1998)." *In the Interest of N. Y.*, 246 Ga. App. 723, 726 (542 SE2d 137) (2000). Further, although by his affidavit submitted after the termination hearing, the appellant indicates his desire to be a nurturing parent and states that he needs to be "there to help [A. D. L.] grow to be a man[,]" "a child's future must rest on more than positive promises which are contrary to negative past fact. [Cit.]" (Punctuation omitted.) *In the Interest of D. I. W.*, 215 Ga. App. 644, 646 (1) (451 SE2d 804) (1994). Accordingly, the juvenile court's judgment that appellant's parental rights to A. D. L. were lost was proper. OCGA § 15-11-94 (a), (b) (2).

3. We need not address the appellant's remaining claims of error in that he fails to support these by citation of authority or argument supported by reference to the record or transcript. Court of Appeals Rule 27 (c) (2), (3).

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED DECEMBER 14, 2001.

*William G. Maston*, for appellant.
*Adam P. Cerbone, Lawrence E. Madison*, for appellee.