A04A0754. IN THE INTEREST OF M. T. C. et al., children.
(598 SE2d 879)

JOHNSON, Presiding Judge.

The mother of minor children M. T. C. and D. J. C. appeals from a juvenile court order terminating her parental rights. In a single enumeration of error, she claims that the juvenile court improperly based its termination order on three findings of fact not supported by the evidence. We find no reversible error and must therefore affirm the juvenile court order.

In support of its decision to terminate the mother's parental rights, the juvenile court made numerous findings of facts. The juvenile court found, among other things, that the mother has a medically verifiable deficiency of her mental and emotional health which renders her unable to provide for her children's needs; that the mother lacks the ability to form an emotional or affectionate bond with her children as a result of her schizophrenia and adjustment and bipolar disorders; that the mother has no family support to assist in providing for the basic needs of the children; that the mother has a long history of noncompliance with the goals set forth in numerous reunification plans; that she continues being noncompliant with efforts to enable her to provide for the basic needs of herself and the children; that during the time the children were in her care the mother lived in at least eight different residences; that her employment history has consisted of three jobs, all of which were brief in duration and resulted in termination; that in addition to her terminations for poor job performance and frequent absences, the mother was arrested for financial identity fraud after she applied for telephone service using another individual's name and social security number, which she had obtained at her most recent job; and that termination of parental rights is in the children's best interests.

The mother challenges three of these findings. She claims there is no evidence to support findings that she was terminated from employment for poor job performance, that she applied for telephone service using another individual's name and social security number, and that as a result of her mental disorders she lacks the ability to bond with her children. We will address the findings in order.

First, as to the mother's job performance, it is undisputed that she had three jobs and was fired from each of them after only a few weeks of employment. One of the mother's former employers testified that she was fired because she was supposed to work two hours a day, five days a week, but she missed many days and never worked a full week. Another employer testified that the mother was terminated because she was suspected of stealing financial information and checks. Although both of these employers also stated that the mother was a good worker when she came to work, such statements in no way undermine the undisputed facts that the mother was fired from jobs for repeatedly missing work and because she was suspected of theft of financial information from the workplace. Such facts reflect on the mother's overall job performance and support the juvenile court's finding that she had been terminated due to poor job performance.

Next, the mother claims that the court erred in finding that "[i]n addition to her terminations for poor job performance and frequent absences, the mother was arrested for Financial Identity Fraud after she applied for telephone service using another individual's name and social security number which she had obtained at her most recent place of employment." The mother construes this as an improper finding that she is in fact guilty of applying for telephone service using another individual's name and social security number. We disagree with that construction of the court's finding. In the context of the juvenile court's entire termination order, we conclude that the juvenile court did not make a finding of guilt, but was merely finding that the mother had been terminated from one of her jobs because she was arrested for identity fraud arising from information obtained at the workplace. That finding is supported by the former employer's testimony that the mother was indeed terminated because she was suspected of stealing financial information and checks from work, and by the mother's own testimony that she was told that she had been fired for taking social security numbers and that she had been arrested for financial identity fraud.

Finally, we agree with the mother that the juvenile court should not have found that she is incapable of forming an emotional bond with the children. While the doctor who performed the psychological evaluation of the mother testified at length about her schizophrenia, bipolar disorder, and mild mental retardation, he never testified that her mental ability or psychological conditions rendered her unable to form an emotional or affectionate bond with the children. And we have found no other evidence in the record supporting such a conclusion.

Nevertheless, the lower court's erroneous finding that the mother is unable to form a bond with the children does not, standing alone, invalidate the termination order. "An appellant must show harm as well as error to prevail on appeal; error to be reversible must be harmful."[1] Here, the juvenile court's erroneous finding was not a harmful error because the court made other findings that have not been challenged on appeal and that support the decision to terminate parental rights.

For instance, the juvenile court found that the children are deprived because of parental misconduct or inability, that the mother has repeatedly failed to comply with plans designed to reunite her with the children, that the mother's mental illness and mild mental retardation are medically verifiable deficiencies which render her unable to provide adequately for the basic needs of the children, and that termination is in the children's best interests.[2]

Not only have these and other findings by the lower court not been challenged by the mother on appeal, but our review of the record reveals that they are supported by clear and convincing evidence. Because there is sufficient evidence establishing parental misconduct or inability and that termination of parental rights is in the best interests of the children, the juvenile court did not err in ordering the termination of parental rights.[3]

*Judgment affirmed. Smith, C. J., and Phipps, J., concur.*

DECIDED APRIL 21, 2004.

*Robert C. Richardson, Jr.*, for appellant.

*Thurbert E. Baker, Attorney General, William C. Joy, Senior Assistant Attorney General, Shalen S. Nelson, Laura W. Hyman, Assistant Attorneys General, Clark & Bellamy, Brian D. Bellamy*, for appellee.

---

[1] (Citations and punctuation omitted.) *In the Interest of A. D. L.*, 253 Ga. App. 64, 66 (1) (557 SE2d 489) (2001).

[2] See OCGA § 15-11-94.

[3] See generally *In the Interest of R. A. R.*, 259 Ga. App. 680, 684-687 (1)-(4) (577 SE2d 872) (2003).