## A11A0626. COX v. HARDRICK.
(710 SE2d 873)

McFADDEN, Judge.

Barbara Cox sued Carolyn Hardrick for personal injuries allegedly arising out of an automobile collision. Hardrick moved for summary judgment on the ground that the lawsuit is barred by the doctrine of judicial estoppel since it was not listed as an asset in Cox's previous bankruptcy proceeding. The trial court granted summary judgment to Hardrick, and Cox appeals. Because there exist genuine issues of material fact as to whether the claim is judicially estopped, we reverse.

> Under the doctrine of judicial estoppel, a party is precluded from asserting a position in a judicial proceeding which is inconsistent with a position previously successfully asserted by it in a prior proceeding. Therefore, the doctrine is commonly applied to preclude a bankruptcy debtor from pursuing a damages claim that the debtor failed to include in his or her assets in the bankruptcy petition because a failure to reveal assets, including unliquidated claims, operates as a denial that such assets exist, deprives the bankruptcy court of the full information it needs to evaluate and rule upon a bankruptcy petition, and deprives creditors of resources that may satisfy unpaid obligations.

(Citation and punctuation omitted.) *Sevostiyanova v. Tempest Recovery Svcs.*, 307 Ga. App. 868, 870 (1) (705 SE2d 878) (2011). However, we have also held that a debtor who initially fails to list a claim as an asset

> can avoid the application of judicial estoppel simply by filing a motion to amend the debtor's bankruptcy petition or a motion to reopen the debtor's bankruptcy case to declare the omitted claim or cause of action. Indeed amending the bankruptcy petition to include the claim, even after the bankruptcy case was closed, precludes judicial estoppel from barring the claim.

(Citations and punctuation omitted.) *CSX Transp. v. Howell*, 296 Ga.

App. 583, 586 (1) (675 SE2d 306) (2009).

In response to Hardrick's motion for summary judgment, Cox averred that she had moved to reopen the bankruptcy case and had amended her bankruptcy petition to include the instant claim as a potential asset. As an exhibit to the response, she provided a copy of a bankruptcy amendment which does list her personal injury claim as an asset. At the summary judgment hearing, her attorney stated in his place that the bankruptcy petition had been amended and that the bankruptcy court had reopened the case.

The trial court, however, ruled that Cox's documentary evidence was inadequate because it did not bear the "imprint from the clerk's office at the bankruptcy court." Indeed, documents purporting to be from a bankruptcy court are inadmissible if they are uncertified. *In the Interest of A. D. L.*, 253 Ga. App. 64, 65 (1) (557 SE2d 489) (2001); OCGA § 24-7-24 (a). Compare *Venable v. Venable*, 153 Ga. 689 (112 SE 891) (1922) (documents from bankruptcy proceeding certified by clerk of court admissible). But by the same token, the purported bankruptcy documents relied upon by Hardrick to support her motion for summary judgment are also uncertified. As Hardrick concedes in her appellate brief, the documents relied upon by both sides "came straight from the Federal Bankruptcy Court's online filing system."

"In determining whether the trial court properly granted summary judgment we review the record de novo, construing the evidence and all inferences from the evidence strongly in favor of the nonmoving party. [Cit.]" (Punctuation omitted.) *Clark v. Perino*, 235 Ga. App. 444 (509 SE2d 707) (1998). Further, our review of a "summary judgment ruling requires a determination of whether the parties submitted competent evidence to support their claims." (Citations omitted.) *JR Real Estate Dev. v. Cheeley Investment*, 309 Ga. App. 250, 256 (1) (c), n. 2 (709 SE2d 577) (2011). Because both sides relied on uncertified bankruptcy court documents, the trial court's summary judgment ruling is not supported by competent evidence. However, even if the evidence presented by both parties is deemed to be competent, that evidence cannot sustain summary judgment in favor of Hardrick. See *Clark*, supra at 446 (1) (evidence of amended bankruptcy filings sufficient to preclude summary judgment on issue of judicial estoppel). See also *Jowers v. Arthur*, 245 Ga. App. 68, 71 (537 SE2d 200) (2000) (trial court erred in applying judicial estoppel to grant summary judgment).

*Judgment reversed. Phipps, P. J., and Andrews, J., concur.*

DECIDED MAY 25, 2011.

*Nkosi J. Bey*, for appellant.

*Jeffrey P. Raasch*, for appellee.