**FIFTH DIVISION**
**MERCIER, C. J.,**
**MCFADDEN, P. J., and RICKMAN, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 16, 2024**

# In the Court of Appeals of Georgia

A24A1073. FAULKNER v. COTES.

McFADDEN, Presiding Judge.

This appeal challenges a child custody modification order. Because the trial court failed to make appropriate findings of fact as requested, the order is vacated and the case is remanded with direction that the court make sufficient findings.

1. *Facts and procedural posture*

John Faulkner and Cassandra Cotes are the parents of two minor children, J. D. F. and K. R. F. Pursuant to a 2019 consent order and parenting plan, Faulkner and Cotes, who were not married, shared joint legal custody of the children, Cotes was awarded primary physical custody of the children, and Faulkner was granted visitation rights. In 2021, Faulkner and Cotes filed competing petitions for modification of child

custody. Cotes' petition was dismissed, while an evidentiary hearing was held on Faulkner's petition. Before the close of evidence at the hearing, counsel for Cotes requested that the trial court make findings of fact in its final order.

Approximately three months after the hearing, the trial court entered its final custody order. The court found, among other things, that the parents do not communicate effectively with each other; that Cotes had hindered communication between Faulkner and the children; and that the biggest issue was Cotes keeping Faulkner informed about what was going on with the children and allowing him to communicate freely with them. The court concluded that Cotes' withholding communication between Faulkner and the children, along with the failure of the parents to communicate meaningfully with each other, constituted material changes in circumstances since the initial custody order. But the court concluded that it was in the children's best interests for primary physical custody to remain with Cotes because none of her "questionable behavior . . . outweighs the children's need for continuity and consistency in their lives." Faulkner appeals.

2. *Sufficiency of the findings of fact*

Faulkner asserts that the trial court failed to make sufficient findings of fact as required by OCGA §§ 19-9-3 and 9-11-52 (a). We agree. We have explained that once a party has invoked OCGA § 19-9-3 (a) (8), the trial court is required under that code section and OCGA § 9-11-52 (a) not only to recite findings of fact, but also to explain how those facts support its separate conclusions.

> OCGA § 19-9-3 (a) (8) provides in pertinent part: If requested by any party on or before the close of evidence in a contested hearing, the permanent court order awarding child custody shall set forth specific findings of fact as to the basis for the judge's decision in making an award of custody including any relevant factor relied upon by the judge as set forth in paragraph (3) of this subsection. Such order shall set forth in detail why the court awarded custody in the manner set forth in the order. See also OCGA § 9-11-52 (a) ("in all nonjury trials in courts of record, the court shall upon request of any party made prior to such ruling, find the facts specially and shall state separately its conclusions of law"); *VanVlerah v. VanVlerah*, 359 Ga. App. 577, 579 (1) (a) (859 SE2d 546) (2021) ("OCGA § 9-11-52 (a) applies to contested family law cases"). Findings of fact and conclusions of law enable the parties to specify the errors the trial court purportedly made, and enable the appellate court to review the judgment adequately and promptly. . . . [T]he trial judge is to ascertain the facts and to state *not only the end result of that inquiry but the process by which it was reached. A bare statement of what the court considered in reaching its conclusions is not a recitation of how those facts give support to or what constitutes the separate conclusions.*

*Gelin v. Welch*, 368 Ga. App. 375, 375-377 (890 SE2d 156) (2023) (citations and punctuation omitted) (emphasis added).

In this case, a timely request for findings of fact was made and the trial court's order includes such findings, most of which concern the parents' lack of communication. But although the order sets out three pages of findings, it does not explain how the facts it credited support its conclusion or show the process by which it reached that conclusion. See *In the Interest of D. S.*, 212 Ga. App. 203, 204 (441 SE2d 412) (1994) ("The facts found must support the conclusions reached. A bare statement of some facts considered does not show that those facts support the conclusions so as to comply with § 9-11-52 (a). . . .") (citation omitted), overruled in part on other grounds, *In the Interest of J. P.*, 267 Ga. 492, 493 (480 SE2d 8) (1997).

The order states that the court reviewed the criteria set forth in OCGA § 19-9-3 (a) (3), which sets out a non-exclusive 17-item list of factors a court may consider in determining the best interests of a child. But the order does not specify which factors it considered or analyze their application to this case.

Instead the order holds that notwithstanding the mother's "questionable behavior, none of this behavior rises to a level where it outweighs the children's need for continuity and consistency in their lives." Children's need for stability is on the statutory list of factors trial courts "may consider." See OCGA § 19-9-3 (a) (3) (G)

4

("[t]he importance of continuity in the child's life and the length of time the child has lived in a stable, satisfactory environment and the desirability of maintaining continuity"). But the trial court's holding includes no factual findings about *these* children's need for continuity and stability. It does not weigh that need against its case-specific findings. Indeed it says nothing at all about the needs of these particular children that support its best interests conclusion. Compare *Haskell v. Haskell*, 286 Ga. 112, 113 (1) (686 SE2d 102) (2009) (award of custody to father supported by evidence of "the child's close relationship with his father, continued use of the same speech therapist, and other evidence related to stability, continuity, and the child's adjustment to relocation").

There are no clear findings of fact about whether Cotes has provided a stable, satisfactory environment for the children or the desirability of maintaining continuity by the children remaining in Cotes' home environment. Indeed, the court's most pertinent findings on this issue seem to contradict its ultimate conclusion since the court found that Faulkner "has more structure and routine in his house than" Cotes and the "children need structure, routines and discipline." The court also found that the Guardian ad Litem recommended that physical custody be changed to Faulkner,

5

and a review of that recommendation reveals that it included the guardian's opinion that this continuity factor did not favor Cotes because of the number of times she had moved.

This is not to say that the trial court's ultimate conclusion was erroneous. But "we [also] cannot say that the trial court's factual observation[s] . . . satisfied the requirements of OCGA § 9-11-52 (a) or OCGA § 19-9-3 (a) (8). . . . [Indeed,] it is unclear from the order . . . [how] the factual finding[s were relevant] to its determination. " *Cockerham v. Cockerham*, 359 Ga. App. 891, 896-897 (2) (860 SE2d 163) (2021). See *Moore v. Farmers Bank of Union Point*, 182 Ga. App. 94, 95 (1) (354 SE2d 692) (1987) ("the findings of fact and separate conclusions of law contained in the order" should "disclose to this court the steps by which the trial court reached its ultimate conclusion on each factual issue"), overruled on other grounds, *Underwood v. Underwood*, 282 Ga. 643, 644 (1) (651 SE2d 736) (2007).

> While the trial court's order . . . reflects a conscientious effort to fulfill its obligation to provide findings of fact and conclusions of law, it is nonetheless fatally flawed because it fails to [make findings of fact that show how it reached its ultimate conclusion].We therefore must vacate the final order and remand this case with direction that the juvenile court prepare appropriate findings of fact and conclusions of law and enter a new judgment, after which another appeal may be made. In light of this holding, we do not reach the . . . remaining enumerations of error.

*Gelin*, supra at 377 (citations and punctuation omitted).

Finally, if the trial court considered specific factors other than continuity in making its best interests determination, it should have said so. Once OCGA § 19-9-3 (a) (8) was invoked, the parties were entitled to an order "set[ing] forth specific findings of fact as to the basis for the judge's decision in making an award of custody including any relevant factor relied upon by the judge as set forth in paragraph (3) of this subsection." Id. It was not enough to recite that the court reviewed the criteria listed in OCGA § 19-9-3 (a) (3). Rather, all factors the court relied on in making the best interests determination must also be specified and tied to pertinent findings of fact. Otherwise, contrary to the claim of the dissent, which in effect repeats the trial court's error, this court is prevented from conducting a meaningful review of the trial court's best interests conclusion.

*Judgment vacated and remanded with direction. Mercier, C. J., concurs. Rickman, J., dissents.*

A24A1073. FAULKNER v. COTES.

RICKMAN, Judge, dissents.

Because the trial court's order contains findings of fact that demonstrate how it reached its ultimate conclusion, complied with both OCGA §§ 9-11-52 (a) and 19-9-3, and allows for meaningful appellate review, I respectfully dissent.[1]

The majority opinion finds that the trial court's order, which contained three full pages of factual findings was insufficient because it was unclear from the order how the factual findings were relevant to the trial court's ultimate determination. I

---

[1] We note that the mother actually requested the factual findings, not the father. OCGA § 19-9-3 (a) (8) states that an order awarding child custody shall set forth specific findings of fact "if requested by any party," and thus it appears from the plain language of the statute that the father can still challenge the order despite not being the party who requested the findings.

disagree. The trial court made factual findings regarding, inter alia, the parents differing parenting styles, the parents inability to effectively communicate with each other, the mother withholding the children from the father, the children's healthcare needs, the marital status of both parents, where the children were enrolled in school and that they were good students, parent/child communication issues, the parents' interest in the children's progress at school and their desire to make the children integral parts of their lives, and the children's extracurricular activities.

After making its extensive factual findings, the trial court connected its factual findings to its ultimate conclusions of law by explaining that,

> [a]fter reviewing the evidence, the [c]ourt finds, *inter alia*, that the withholding of communication between the children and the [father], and the failure of the [father] and the [mother] to meaningful[ly] communicate on issues involving the children constitute material changes in circumstances which have occurred since the prior award of custody. The children have both a mother and a father, and its in their best interests to have meaningful relationships with both parents.
>
> The [c]ourt is faced with a dilemma: to keep custody as it currently is and to modify it to further promote stability, or to change custody and, essentially start fresh. After taking the evidence into consideration and after reviewing the criteria set forth in OCGA § 19-9-3 (a) (3), as well as other relevant factors, the [c]ourt finds that is in the

2

best interests of the children that primary physical custody of the minor children remain with the [mother]. Although at times the [mother] seems to exhibit questionable behavior, none of this behavior rises to a level where it outweighs the children's need for continuity and consistency in their lives.

The [c]ourt finds it is in the best interests of the minor children to have increased parenting time with the [f]ather and is altering the Summer Vacation portion of the parenting plan . . . as it is important for the children to develop and nurture strong bonds with both parents.

This case is distinguishable from the case the majority relies upon, *Cockerham v. Cockerham*, 359 Ga. App. 891, 893-894 (2) (860 SE2d 163) (2021). In *Cockerham*, the trial court's two page order only contained seven paragraphs with essentially one factual finding. The *Cockerham* Court held that the trial court's one observation about the father's use of expletives in an e-mail did not satisfy the requirements of OCGA §§ 9-11-52 (a) or 19-9-3 (a) (8)

This case is also distinguishable from *Gelin v. Welch*, 368 Ga. App. 375, 377 (890 SE2d 156) (2023) where the trial court drafted a "lengthy" order but "fail[ed] to identify the specific material change in condition warranting a change in custody[.]" Here, the trial court made multiple findings of fact and tied those findings to its

conclusion to allow primary custody of the children to remain with the mother but also increase parenting time with the father. The trial court's order makes it clear that it struggled with determining the best interests of the children and, ultimately, decided that the evidence of the mother's somewhat questionable behavior did not overcome the children's need for continuity and consistency. See OCGA § 19-9-3 (a) (3) (G). We can and should simply review the trial court's determination in this regard and not remand, because the trial court's order provides ample findings and reasoning to do so.

This is certainly not a case where the trial court failed to make adequate findings of fact and conclusions of law, preventing meaningful appellate review. See generally *Cohen v. Rogers*, 341 Ga. App. 146, 154 (2) (b) (798 SE2d 701) (2017) (holding that the trial court's detailed order containing factual findings and conclusions of law permitted meaningful appellate review of the trial court's award on attorney fees).