74338. MOORE v. FARMERS BANK OF UNION POINT.
(354 SE2d 692)

BIRDSONG, Chief Judge.

Enforcement by Judgment of Settlement Agreement — Findings of Fact and Conclusions of Law. Succinctly stated, the facts show that Ms. Moore together with her husband (since divorced) entered into an oral agreement to finance the purchase of a mobile home with the Farmers Bank whereby the bank would advance the financing and the Moores would execute a mortgage agreement signed by both the Moores. The mobile home was purchased in the name of Mrs. Moore and the certificate of title issued solely in her name. Mrs. Moore thereafter declined to execute the security deed and mortgage. The bank brought suit against Mrs. Moore seeking specific performance of the oral agreement to execute the appropriate security documents. An agreement for settlement of the claim was entered into between counsel for the bank, Mrs. Moore and Mr. Moore respectively. However, a dispute remained between the bank and Mrs. Moore as to the cost of the premium for mortgage insurance. The bank contends that the mortgage insurance is not a part of the mortgage and thus not a part of the settlement agreement while Mrs. Moore contends that those premium costs are an essential part of the settlement agreement. The bank then brought the present motion seeking alternatively specific enforcement of the mortgage agreement or the entry of judgment based upon the oral settlement agreement. After a hearing on the merits, the trial court entered judgment on the oral settlement agreement. Mrs. Moore brings this appeal enumerating two purported errors: (1) that the trial court failed to reach appropriate findings of fact and conclusions of law, and (2) that there is no evidence to support the judgment confirming the settlement agreement. *Held*:

1. The order and judgment of the trial court in substance states that after reading and considering the motion to enforce the settlement agreement, an affidavit by the bank's attorney, all the exhibits submitted and proceedings held on the matter prior to the date of judgment, the court being fully advised thereon, and good cause being shown, judgment was entered for the bank and against Mrs. Moore in accordance with the terms of the compromise and settlement agreement.

An order granting a motion to enforce a disputed settlement agreement is tantamount to a final judgment and constitutes an order finally terminating the case. *Kapiloff v. Askin Stores*, 202 Ga. 292, 297 (42 SE2d 724). As a final disposition of the case, in a non-jury trial, the order and judgment of the trial court must comply with the provisions of OCGA § 9-11-52 (a) in that the order and judgment must be supported by findings of fact and separate conclusions of law. *Greene v. Colonial Stores*, 141 Ga. App. 35, 36 (232 SE2d 381).

An examination of the findings of fact and separate conclusions of law contained in the order and judgment of the trial court shows no subsidiary facts as will disclose to this court the steps by which the trial court reached its ultimate conclusion on each factual issue. A bare statement of what the court considered in reaching its conclusions is not a recitation of how those facts give support to or what constitutes the separate conclusions. See *Brant v. Bazemore*, 173 Ga. App. 294, 295 (325 SE2d 905); *Pruitt v. First Nat. Bank of Habersham County*, 142 Ga. App. 100 (235 SE2d 617). Such findings of fact and separate conclusions of law being mandatory, and not reasonably met in the order and judgment of the trial court in this case, we must remand the appeal with direction that the trial court vacate the judgment, cause appropriate findings of fact and conclusions of law to be made, and enter final judgment thereon, after which the losing party shall be free to enter another appeal. *Liberty Mut. Ins. Co. v. Alsco Constr. Co.*, 139 Ga. App. 786 (229 SE2d 559).

2. Mrs. Moore's second enumeration of error requires this court to examine the merits of the order and judgment of the trial court. Pending further action on remand, we need not and in fact we decline to examine the merits of Mrs. Moore's second enumeration until such time as the basis of the order and judgment may be properly before us.

*Judgment reversed and case remanded with direction. Deen, P. J., and Pope, J., concur.*

DECIDED MARCH 10, 1987.

*Carol F. Baschon, Phyllis J. Holmen*, for appellant.
*J. Edward Allen, Jr., and Sandra M. Baumwald*, for appellee.