A91A1847. ZEITMAN et al. v. McBRAYER et al.
(412 SE2d 287)

BIRDSONG, Presiding Judge.

Appellants have timely filed a notice of appeal of the order of the State Court of Fulton County, entered November 27, 1990, in favor of appellees "on their motions that the court declare no default as to settlement agreement and that the court deny entry of judgment." Pretermitting the resolution of any issues raised by appellants' enumerations of error is the question of the jurisdiction of this court to entertain this particular direct appeal. That is, does the order from which this appeal is taken constitute a final or otherwise appealable order within the meaning of OCGA § 5-6-34? *Held*:

1. Contrary to certain assertions made by appellant, the motion to deny entry of judgment and that portion of the state court's order granting this motion do not constitute a request for and the granting of injunctive relief within the meaning of OCGA § 5-6-34 (a) (4). Rather, the function of the order was to control the conditions under and date when judgment could be entered in the legal controversy pending before it. The legal basis for the state court's ruling as to this matter is grounded on the constitutional authority of the state court to aid its jurisdiction. Ga. Const. of 1983, Art. VI, Sec. I, Par. IV; see also OCGA § 15-1-3 (6) and (7). Neither does the order from which this appeal is taken otherwise constitute a form of judgment listed within OCGA § 5-6-34 (a) (2)-(8).

2. Except for certain exceptions not here applicable, whether the order of November 27, 1990, constitutes a final judgment, within the meaning of OCGA § 5-6-34 (a) (1) depends on whether the case is no longer pending in the court below.

(a) No document captioned as a "judgment" has ever been entered in this case. Although the trial court, prior to issuing its order of November 27, 1990, signed a judgment in favor of appellants and against appellees "in the amount of $30,000," this order was never filed with the clerk of courts and was not entered on the docket. Nor does the record reflect that any other document "captioned" as a judgment had ever been entered in this case. Until entered in accordance with the provisions of OCGA § 9-11-58 (b), a judgment is inchoate and of no effect for any purpose. *Bloodworth v. Thompson*, 230 Ga. 628, 629 (198 SE2d 293). Accordingly, unless the order of November 27, 1990, qualifies as a final judgment, there exists no appealable judgment.

(b) Before trial, a settlement hearing was conducted by the trial court at which the parties entered into an oral settlement agreement; this hearing was transcribed. The interpretation of the settlement agreement has become, as observed by the trial court, bitterly contested. Among those matters contested is whether time was of the es-

sence for the fulfillment of certain actions by appellees or whether substantial performance within a reasonable time would suffice, and whether the amount of $30,000, reflected in the settlement agreement and inchoate judgment, included a $12,500 penalty to secure the payment to appellants of a specified sum of money and the release of the lien on appellants' home. At the time of the order from which this appeal is taken, all payments then due and owing had been timely made, but the lien, which by that time had been discharged, had not been satisfied within the time period contained in the settlement agreement. Appellees/defendants believing appellants/plaintiffs would soon attempt to enter the $30,000 judgment, notwithstanding appellees had conditionally consented thereto "as to execution but not entry on docket of clerk — judgment to be held but not filed by plaintiff," filed combined motions with the state court captioned "That Court Declare No Default As To Settlement Agreement" and "That Court Deny Entry Of Judgment." At the hearing, the trial court in effect consolidated the two motions into one; and, appellants' counsel thereafter argued the merits of the first motion to the virtual exclusion of the latter announcing "the purpose of this motion is for Your Honor to order that we have complied with the settlement agreement. . . ."

The trial court concluded that appellant had substantially complied with the requirements of the settlement agreement; and in granting the motions it ruled: "The court finds and concludes that the defendants have not in any way defaulted with respect to the settlement agreement entered on May 25, 1990 and therefore, defendants' motions are granted *and further that the parties are ordered to comply with each and every term therein including the obligation of the plaintiffs to satisfy the security deed held by plaintiffs' upon real property of defendant and Pete Pellegrini . . . upon the final payment to the plaintiffs by defendants (provided said is made timely) on or about the 1st business day of December 1990.*" (Emphasis supplied.) Noticeably absent from this order is any language purporting to terminate the proceedings.

In *Moore v. Farmers Bank &c.*, 182 Ga. App. 94, 95 (1) (354 SE2d 692), after a hearing on the merits, the trial court in its order granting a motion to enforce a settlement agreement entered judgment in accordance with the terms of the compromise and settlement agreement. We held that "[a]n order granting a motion to enforce a disputed settlement agreement is tantamount to a final judgment and constitutes an order finally terminating the case." Id. *Moore* is distinguishable from the case at bar; in this case, unlike *Moore,* no judgment has ever been entered and the order contains no wording which expressly terminates the proceedings. In fact, the order on its face, while ordering compliance with the terms of the settlement agree-

ment, expressly refers to a certain action which plaintiffs must accomplish after receiving a final payment from the defendant. It thus appears that the trial court was careful not to terminate the proceedings in the event further judicial action was necessary in order either to aid its jurisdiction or to protect and effectuate its ultimate judgment in this case. Accordingly, the order of November 27, 1990, did not constitute a final judgment, as it did not expressly provide either that the action was dismissed or that appellant receive judgment in accordance with the terms of the settlement agreement, "and thus the case was not at an end." *Ford Motor Credit Co. v. Williams*, 194 Ga. App. 405, 406 (1) (390 SE2d 640).

(c) In view of the above holding, we need not herein resolve whether the terms of settlement agreements can be satisfied by performance within a reasonable time, particularly in the absence of an express requirement that time be of the essence. See generally OCGA § 13-4-20; compare *Kapiloff v. Askin Stores*, 202 Ga. 292, 296 (42 SE2d 724); *Boswell v. Gillen*, 131 Ga. 310 (1) (62 SE 187); *Peachtree-Piedmont Assoc. v. Tower Place &c.*, 150 Ga. App. 292, 293 (1 A) (257 SE2d 362).

We dismiss the appeal. After final disposition has been taken in this case consistent with this opinion, the parties shall be free to enter another appeal in accordance with applicable statutes and the rules of this court.

*Appeal dismissed. Pope and Cooper, JJ., concur.*

DECIDED NOVEMBER 5, 1991.

*Zachary & Segraves, Kenneth L. Levy*, for appellants.
*Louis Levenson & Associates, Louis Levenson*, for appellees.