A96A0480. THOMAS v. AUTO OWNERS INSURANCE COMPANY.
(472 SE2d 707)

BLACKBURN, Judge.

Joseph Douglas Thomas appeals the trial court's denial of his motion to dismiss or, in the alternative, for summary judgment which raises the issue of whether an insurance carrier may continue its subrogation cross-claim against a co-defendant who has been dismissed by the plaintiff in the principal action.

On November 9, 1992, a vehicle driven by Thomas struck a car in which Rendi Leigh Dawson was a passenger. Dawson, a minor acting by her next friend, filed suit against Thomas. She also served a second original of her suit on Auto Owners Insurance Company (Auto Owners), her uninsured/underinsured motorist carrier. With its answer, Auto Owners filed a cross-claim against Thomas that

sought, in the event a verdict was reached against Thomas, indemnification for any compensation Auto Owners had to pay Dawson pursuant to their insurance contract. No verdict, however, was ever rendered as Dawson settled with Thomas before the matter came to trial. Upon reaching the settlement, Dawson dismissed her complaint against Thomas with prejudice. Auto Owners did not contest or object to the dismissal. Subsequently, Thomas filed a motion to dismiss or, in the alternative, for summary judgment on the crossclaim. The trial court denied the motion, and we granted Thomas's application for an interlocutory appeal.

1. Thomas asserts that the trial court erred in not dismissing Auto Owner's cross-claim, reasoning that Auto Owner's failure to object to Dawson's dismissal resulted in the entire action, including the cross-claim, being dismissed with prejudice. Pursuant to OCGA § 9-11-41 (a) a plaintiff may, at any time before resting his case, dismiss his action without permission of the court by simply filing a written dismissal. However, "if a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court." Thomas argues that this particular provision concerning counterclaims applies to cross-claims as well by virtue of OCGA § 9-11-41 (c) which provides that "[t]his Code section also applies to the dismissal of any counterclaim, cross-claim, or third-party claim." We agree. In *Smithloff v. Benson*, 173 Ga. App. 870, 875 (328 SE2d 759) (1985), this Court held that the provision of OCGA § 9-11-41 (a) concerning counterclaims is "equally applicable to the dismissal of counterclaims, cross-claims or third-party claims." Thus, by virtue of Auto Owners' failure to object, Dawson's dismissal terminated the entire action including the cross-claim. See *D. P. S. Indus. v. Safeco Ins. Co. &c.*, 210 Ga. App. 289, 290 (435 SE2d 762) (1993) (pursuant to OCGA § 9-11-41, objection to voluntary dismissal necessary to preserve counterclaim for independent adjudication). Accordingly, we find the trial court erred in denying Thomas's motion to dismiss.

2. In light of our decision in Division 1, it is not necessary to address the additional arguments raised by the parties.

*Judgment reversed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED JUNE 21, 1996.

*Downey & Cleveland, Scott D. Clay*, for appellant.
*Gammon & Anderson, W. Wright Gammon, Jr., Barnes, Brown-*

*ing, Tanksley & Casurella, Michael K. Jablonski,* for appellee.