**FIRST DIVISION**
**BARNES, P. J.,**
**MERCIER and BROWN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**April 9, 2019**

# In the Court of Appeals of Georgia

A19A0184. THOMAS v. SHEPPARD.

BROWN, Judge.

Plaintiff Timmy Thomas appeals the trial court's order granting defendant Vernika Sheppard's motion to enforce a settlement agreement in this personal injury action arising from a motor vehicle accident. Thomas argues that the trial court erred in finding an enforceable settlement agreement because Sheppard attempted to alter the material terms of the settlement offer and failed to tender the proceeds as proposed. For the reasons discussed below, we dismiss this appeal for lack of jurisdiction.

Thomas filed this action against Sheppard on December 19, 2016, in Fulton County State Court, seeking compensatory and punitive damages. Sheppard moved

to enforce the parties' settlement agreement, and the trial court granted the motion on June 19, 2018.

"It is well established that this Court has a solemn duty to inquire into our jurisdiction to review the errors enumerated on appeal, and it is a duty we [should] not take lightly." (Citation and footnotes omitted.) *Torres v. Elkin*, 317 Ga. App. 135, 138 (1) (730 SE2d 518) (2012). OCGA § 5-6-34 (a) (1) provides that direct appeal may be had from all final judgments of the trial court, and specifies that a final judgment exists only "[when] the case is no longer pending in the court below. . . ." In *Torres*, supra, this Court explained that "[i]n the case of an order granting a motion to enforce a settlement agreement, the order is not final until the trial court expressly enters final judgment on that order." (Citations and footnote omitted.) Id. at 138-139 (1), citing *Underwood v. Underwood*, 282 Ga. 643, 644 (1) (651 SE2d 736) (2007) ("notwithstanding the trial court's grant of a motion to enforce a settlement, a case is not at an end until such time as the agreement has been made the judgment of the court, thereby terminating the litigation") (citation and punctuation omitted).

Here, the trial court did not enter final judgment simultaneously with its order granting Sheppard's motion to enforce the settlement agreement, and there is nothing in the record indicating that the trial court entered a final judgment after ruling on the

2

motion to enforce the settlement agreement. Because the trial court's order enforcing the settlement agreement is not a final judgment within the meaning of OCGA § 5-6-34 (a), this appeal must be dismissed.

*Appeal dismissed. Barnes, P. J., and Mercier, J., concur*.