# Court of Appeals
# of the State of Georgia

ATLANTA,  May 01, 2019

*The Court of Appeals hereby passes the following order:*

**A19A0367. MILLER et al. v. MILLER.**

Andrew Miller and Joseph Miller appeal the order granting Aaron Miller's motion to enforce a settlement agreement. We, however, lack jurisdiction. So we dismiss.

Plaintiff Aaron Miller and defendants Andrew Miller and Joseph Miller jointly own American Plumbing Professionals, Inc. Aaron Miller filed this action seeking dissolution of the company, or alternatively, the appointment of a receiver.  He also sought damages. The parties engaged in mediation, and then Aaron Miller filed a motion to enforce a settlement agreement. The trial court granted the motion, and Andrew Miller and Joseph Miller filed this appeal.

"This [c]ourt has a solemn duty to inquire into its jurisdiction to entertain an appeal whenever there may be any doubt as to its existence. . . . Ordinarily, a party has no right to directly appeal anything other than the final judgment or ruling of the trial court." *First Christ Holiness Church v. Owens Temple First Christ Holiness Church*, 282 Ga. 883, 884 (655 SE2d 605) (2008) (citations omitted). See also OCGA § 5-6-34 (a) (1) (direct appeal may be had from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below. . . .").

"In the case of an order granting a motion to enforce a settlement agreement, the order is not final until the trial court expressly enters final judgment on that order." *Torres v. Elkin*, 317 Ga. App. 135, 138-39 (1) (730 SE2d 518) (2012) (citations omitted). See also *Underwood v. Underwood*, 282 Ga. 643, 644 (1) (651 SE2d 736) (2007) ("notwithstanding the trial court's grant of a motion to enforce a settlement, a case is not at an end until such time as the agreement has been made the

judgment of the court, thereby terminating the litigation") (citation and punctuation omitted).

"Here, the trial court did not enter final judgment simultaneously with its order granting [Aaron Miller's] motion to enforce the settlement agreement, and there is nothing in the record indicating that the trial court entered a final judgment after ruling on the motion to enforce the settlement agreement." *Thomas v. Sheppard*, __ Ga. App. __, __ (__ SE2d __) (Case No. A19A0184, decided April 9, 2019). And although Andrew Miller and Joseph Miller filed a motion seeking a certificate of immediate review or a designation that the order was final for purposes of appeal, the record contains no ruling on that motion. "Because the trial court's order enforcing the settlement agreement is not a final judgment within the meaning of OCGA § 5-6-34 (a), this appeal must be dismissed." *Thomas*, supra.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,  05/01/2019*
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*