# Court of Appeals
# of the State of Georgia

ATLANTA,  October 23, 2020

*The Court of Appeals hereby passes the following order:*

## A21A0419.  MIRANDA ISON v. BINH NGUYEN, et al.

In this civil action, plaintiff Miranda Ison filed this direct appeal from the trial court's order granting the defendant's motion to enforce a settlement agreement and the court's order granting the motion to intervene filed by Brian W. Wertheim, attorney at law. Ison filed a timely notice of appeal from both orders.  However, we lack jurisdiction.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." An order granting a motion to enforce a settlement agreement "is not final until the trial court expressly enters final judgment on that order." *Thomas v. Sheppard*, 349 Ga. App. 871, 871 (827 SE2d 60) (2019) (punctuation omitted). Thus, "notwithstanding the trial court's grant of a motion to enforce a settlement, a case is not at an end until such time as the agreement has been made the judgment of the court, thereby terminating the litigation." *Torres v. Elkin*, 317 Ga. App. 135, 139 (1) (730 SE2d 518) (2012) (punctuation omitted); accord *Underwood v. Underwood*, 282 Ga. 643, 644 (1) (651 SE2d 736) (2007).

Here, the record contains no indication that the trial court has entered a final judgment and made the settlement agreement the judgment of the court. Consequently, because no final judgment has been entered, Ison was required to follow the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – to appeal the order granting the defendant's motion to enforce the settlement agreement and the order granting the motion to intervene. See OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d

906) (1989). Her failure to do so deprives us of jurisdiction over this appeal, which is hereby DISMISSED. See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996).



Court of Appeals of the State of Georgia
  Clerk's Office, Atlanta, __10/23/2020_____
  I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
  Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.