# Court of Appeals
# of the State of Georgia

ATLANTA,  March 07, 2022

*The Court of Appeals hereby passes the following order:*

## A22A0843. TANGELLA JACKSON v. VALERIE LANDAU.

Plaintiff Tangella Jackson filed this direct appeal from the trial court's order granting the defendant Valerie Landau's motion to enforce a settlement agreement and awarding attorney fees to Landau under OCGA § 9-15-14. Landau filed a motion to dismiss the appeal, arguing that Jackson was required to follow our discretionary appeal procedures to appeal the order at issue. We lack jurisdiction.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." An order granting a motion to enforce a settlement agreement "is not final until the trial court expressly enters final judgment on that order." *Thomas v. Sheppard*, 349 Ga. App. 871, 871 (827 SE2d 60) (2019) (punctuation omitted). Thus, "notwithstanding the trial court's grant of a motion to enforce a settlement, a case is not at an end until such time as the agreement has been made the judgment of the court, thereby terminating the litigation." *Torres v. Elkin*, 317 Ga. App. 135, 139 (1) (730 SE2d 518) (2012) (punctuation omitted); accord *Underwood v. Underwood*, 282 Ga. 643, 644 (1) (651 SE2d 736) (2007).

Here, the record contains no indication that the trial court has entered a final judgment and made the settlement agreement the judgment of the court. Consequently, because no final judgment has been entered, Jackson was required to follow the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – to appeal the order granting Landau's motion to enforce the settlement agreement. See OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). Her failure to do so deprives us of jurisdiction

over this appeal, which is hereby DISMISSED. See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996). Landau's motion to dismiss is hereby DENIED as MOOT.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta, __03/07/2022__

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk.