**THIRD DIVISION
DOYLE, P. J.,
REESE, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**May 24, 2022**

# In the Court of Appeals of Georgia

A22A0209. LARKIN v. MADISON COUNTY SCHOOL
   DISTRICT.

REESE, Judge.

Clint Larkin seeks review of an order of the Superior Court of Madison County, which denied his motion to enjoin the attempts of Madison County School District (the "District") to collect on a purported "judgment" against Larkin. For the reasons set forth infra, we reverse the denial of injunctive relief and remand for further proceedings.

All Steel Construction, Inc., sued the District and Larkin in 2016, alleging that Larkin had contracted with the District to construct a new wrestling building at a high school sports complex, that the District had failed to require Larkin to post a payment bond as required by OCGA § 36-91-90, and that both defendants were thus liable for

Larkin's failure to pay All Steel for steel building materials it had furnished to Larkin. The District filed an answer and cross-claim against Larkin, alleging that it had paid Larkin the total sum for construction of the building and that, upon information and belief, Larkin had failed to pay All Steel for the materials.

Thereafter, All Steel filed a "Voluntary Dismissal with Prejudice as to Defendant Madison County School District Only," emphasizing that it was dismissing the District "only" from the action and that "Larkin shall 'not' be dismissed."

The District next filed a motion for default judgment against Larkin along with a copy of a "Release" in which All Steel had assigned all of its rights in the action to the District, including all claims All Steel had against Larkin. The trial court entered an order of default judgment against Larkin in February 2017, finding that Larkin was in default and that he had raised no defense as to the complaint or the cross-claim.

More than two years later, the trial court held a hearing on damages. The record on appeal does not contain a transcript of this hearing. The trial court entered an "Order" on June 21, 2019 (the "2019 Order"), finding:

> This matter came before the Court on June 5, 2019 on [the District's] Motion for Damages against [Larkin]. At the hearing, these Parties agreed to the following terms:

2

[Larkin] is liable for damages of $110,000 to [the District]. He will pay the [District] $25,000 of that amount by July 1, 2019. He will pay the remaining balance of $85,000 by October 1, 2019. Upon that payment, [the District] will notify the Court and this matter, including [the District's] Cross Claim against [Larkin], will be dismissed.

The court noted: "[All Steel] previously filed a dismissal of its claims against the [District], pursuant to a settlement with the [District]. As part of that settlement [All Steel] assigned its claims against [Larkin] to [the District]."

In January 2021, Larkin, having apparently retained counsel, filed a "Motion to Vacate and Set Aside Purported 'Judgment' and Enjoin Execution and Collection." Larkin attached to the motion, inter alia, a writ of fieri facias recorded in superior court, an affidavit of garnishment, and notices to take a post-judgment deposition of Larkin. The District responded and filed a motion for contempt and sanctions based in part on Larkin's failure to appear at the rescheduled deposition.

Following a hearing, the trial court denied Larkin's motion. The court found: (1) the 2019 Order was a final judgment upon which collection could be based, and the 2019 Order related back to the 2017 order of default judgment; (2) the lack of a civil case disposition form did not render the "judgment" ineffective; (3) Larkin failed to timely file his motion to vacate and set aside the judgment because it was not filed

3

within three years of the default judgment; and (4) the District remained a party to the action, and thus could file its motion for default judgment and subsequent motions seeking payment.

We granted Larkin's application for discretionary appeal. In our order, we stated that "it appears that this case remains pending before the trial court[ ]" based on the plain terms of the 2019 Order. We noted that generally a party had to comply with the interlocutory appeal requirements, which included obtaining a certificate of immediate review from the trial court. Because the trial court also denied Larkin's motion for interlocutory injunctive relief, which was directly appealable, we granted Larkin's application. This appeal followed.

> As a general rule, a trial court has broad discretion in deciding whether to grant or deny an interlocutory injunction, and this Court will not disturb the trial court's decision absent manifest abuse of discretion. Further, where the trial court, in ruling on an interlocutory injunction, makes findings of fact based upon conflicting evidence, this court will not disturb the ruling as an abuse of discretion unless the denial or granting of the injunction was based on an erroneous interpretation of the law.[1]

---

[1] *Westpark Walk Owners v. Stewart Holdings*, 288 Ga. App. 633, 635 (655 SE2d 254) (2007) (citations and punctuation omitted).

With these guiding principles in mind, we turn now to Larkin's claims of error.

1. Larkin argues that the trial court erred in denying his motion to set aside the 2019 Order and enjoin its enforcement because the District's conditional claims against him for indemnity were mooted and dismissed by operation of law when All Steel dismissed and released the District.

(a) As an initial matter, we reject the District's argument in response that our order granting Larkin's application for discretionary review renders the rest of his appeal moot. Specifically, the District argues that because Larkin sought a ruling that the 2019 Order was not final, and because we already ruled that the order was not a final judgment (by finding that the case appeared to remain pending in the trial court), his motion for injunctive relief is moot.

Our statement that the case "appear[ed]" to remain pending was made in the context of whether Larkin needed to comply with the interlocutory appeal requirements of OCGA § 5-6-34 (b) and did not constitute a ruling on the merits of Larkin's appeal.[2] Moreover, the denial of Larkin's request for injunctive relief is not

---

[2] Compare Court of Appeals Rule 30 (b) (interlocutory applications), with Court of Appeals Rule 31 (b) (discretionary applications); cf. *Guthrie v. Wickes*, 295 Ga. App. 892, 894 (2) (673 SE2d 523) (2009) ("An order denying an application for discretionary review invokes the doctrine of res judicata when . . . the judgment appealed from is final and on the merits.").

moot because the thing sought to be enjoined (the District's collection of the entire amount it contends it is owed) has not occurred.[3] The District's reliance on our decision in *Jenkins v. Smith*[4] is misplaced.

(b) We turn now to the merits of Larkin's argument that the notice of voluntary dismissal mooted and dismissed the District's conditional claims against him for indemnity.

Relying on our decisions in *Smith v. United Insurance Co.*[5] and *Georgia Power Co. v. Franco Remodeling Co.*,[6] Larkin contends the settlement and release extinguished the District's cross-claim as a matter of law. However, the issue before us in *Smith* was whether the trial court retained proper venue over a joint tortfeasor where venue had been based on the residence of one defendant and the trial court had

---

[3] Cf. *Wilmington Trust Co. v. Glynn County*, 265 Ga. App. 704 (595 SE2d 562) (2004) (appeal from denial of injunctive relief was moot where the petitioner paid the entire amount due and no foreclosure sale was required).

[4] 308 Ga. App. 762, 765 (1) (709 SE2d 23) (2011) ("It is a rather fundamental rule of both equitable jurisprudence and appellate procedure, that if the thing sought to be enjoined in fact takes place, the grant or denial of the injunction becomes moot.") (citation and punctuation omitted).

[5] 169 Ga. App. 751 (315 SE2d 265) (1984).

[6] 240 Ga. App. 771 (525 SE2d 152) (1999).

6

directed a verdict in that defendant's favor, thereby ruling that he was not a joint tortfeasor.[7] Thus, in *Smith*, we did not hold that the cross-claim was "extinguished and moot[,]" as Larkin states in his brief, but that venue was no longer proper in the county in which the plaintiff filed the complaint.[8]

In *Georgia Power*, the superior court ruled that Georgia Power could not be held liable for damages incurred as a result of the plaintiffs' contact with a power line because the plaintiffs had failed to notify Georgia Power of work they were doing near the line.[9] We held that, "to the extent that Georgia Power's cross-claim against [the plaintiffs' employer] for indemnification was based on the plaintiffs' claims, those claims [we]re moot."[10]

By contrast, the trial court in this case made no finding regarding the District's liability to All Steel. Instead, All Steel settled with the District and assigned to it all of All Steel's rights in the action, including all claims that All Steel had against

---

[7] *Smith*, 169 Ga. App. at 753-754 (2).

[8] Id.

[9] *Ga. Power*, 240 Ga. App. at 771, 772 (2).

[10] Id.

Larkin. Thus, the District retained more than a conditional cross-claim for indemnification, and *Georgia Power* is distinguishable.

Larkin's reliance on our decision in *Thomas v. Auto Owners Insurance*[11] is also misplaced. In that case, the plaintiff sued a driver who had struck the car in which she was riding, and the plaintiff served a second original of her suit on her uninsured/underinsured motorist carrier.[12] The plaintiff settled with the driver and dismissed her complaint against him with prejudice.[13] We held that, under OCGA § 9-11-41, "by virtue of the [the carrier's] failure to object, [the plaintiff's] dismissal terminated the entire action including the [carrier's] cross-claim [against the other driver]."[14]

OCGA § 9-11-41 (a) (1) provides the circumstances in which a plaintiff may voluntarily dismiss an "action" without order or permission of the court. This provision is inapplicable here because All Steel did not dismiss the action, but instead

---

[11] 221 Ga. App. 815 (472 SE2d 707) (1996).

[12] Id. at 815.

[13] Id. at 816.

[14] Id. at 816 (1).

8

made clear in its notice that it was dismissing the District "only" from the action and that "Larkin shall 'not' be dismissed."

> While OCGA § 9-11-41 (a) allows for the voluntary dismissal of a party's complaint, it does not provide for the voluntary, unilateral dismissal of a party's claims against some but not all of the parties to an action. The adding or dropping of parties from an action requires the exercise of discretion by the court pursuant to OCGA § 9-11-21.[15]

Because there is no order of the trial court granting permission for a voluntary dismissal of the District only, the attempted voluntary dismissal of the District is ineffective.[16] Larkin's argument that the District's cross-claim was extinguished as a matter of law is without merit.

2. Larkin contends that the trial court erred in denying his motion because the District never moved to substitute or realign itself as the plaintiff, never amended its claim, and never filed a separate action. For the reasons set forth in Division 1 (b), supra, this claim fails.

---

[15] *Flemister v. Hopko*, 230 Ga. App. 93 (1) (495 SE2d 342) (1998), overruled in part on other grounds by *Giles v. State Farm Mut. Ins. Co.*, 330 Ga. App. 314, 319-321 (2) (765 SE2d 413) (2014).

[16] See *Flemister*, 230 Ga. App. at 93 (1); see also OCGA § 9-11-21 ("Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.").

3. Larkin argues that the trial court erred because the 2019 Order was not a judgment and could not be enforced as such. We agree.

"Only a final judgment can be enforced. A judgment is final only when it disposes of the entire controversy, leaving nothing for the Court to do in the case."[17] Stated another way, "[a] verdict or judgment cannot be final where it is dependent on a later judgment for final determination."[18]

By its plain terms, the 2019 Order was not a final judgment. First, the "Order" was not captioned as a judgment.[19] Although the trial court found that the 2019 Order somehow "relate[d] back to the Default Judgment[,]" the Order of Default Judgment only addressed liability. "[A] trial court's entry of a default judgment as to the issue of liability only which leaves the issue of damages to be adjudicated is not a 'final judgment' since it does not dispose of the entire controversy between the parties."[20]

---

[17] *MARTA v. Federick*, 187 Ga. App. 696, 698 (1) (371 SE2d 204) (1988) (citations and punctuation omitted).

[18] *Alexander Underwriters v. Ins. Agencies of Ga.*, 156 Ga. App. 560, 562 (1) (275 SE2d 138) (1980).

[19] See *Zeitman v. McBrayer*, 201 Ga. App. 767 (2) (a) (412 SE2d 287) (1991).

[20] *Pazur v. Belcher*, 272 Ga. App. 456, 457, n. 1 (1) (612 SE2d 481) (2004).

10

Noticeably absent from the 2019 Order is any language purporting to terminate the proceedings. The Order did not expressly dismiss the action or state that the District received judgment in accordance with the terms of the parties' agreement. Instead, the 2019 Order recited the terms of the parties' agreement: that Larkin was liable for damages of $110,000 to the District; that he would pay $25,000 of that amount by July 1, 2019; and that he would pay the remaining balance of $85,000 by October 1, 2019. "Upon that payment, [the District] will notify the Court and this matter, including [the District's] Cross Claim against [Larkin], will be dismissed."

> In fact, the [2019 Order] on its face, while ordering compliance with the terms of the settlement agreement, expressly refers to a certain action which [the District] must accomplish after receiving a final payment from the defendant. It thus appears that the trial court was careful not to terminate the proceedings in the event further judicial action was necessary in order either to aid its jurisdiction or to protect and effectuate its ultimate judgment in this case.[21]

Accordingly, the 2019 Order did not constitute a final judgment,[22] and it could not be enforced as such. Because the trial court denied Larkin's motion based on an

---

[21] *Zeitman*, 201 Ga. App. at 768-769.

[22] See id. at 769.

erroneous interpretation of the law,[23] we reverse the denial of Larkin's request for injunctive relief and remand for further proceedings consistent with this opinion.

4. Based on our holding in Division 3, supra, we need not address Larkin's argument that the 2019 Order was not a valid, enforceable order when filed because the District did not file a civil case disposition form until January 2021.

In summary, the trial court correctly found that the District remained a party to the action and that its claims were not mooted following All Steel's notice of voluntary dismissal. However, we agree with Larkin that the 2019 Order did not operate as a final judgment which would authorize collection and enforcement by the District. We thus reverse the trial court's decision to enjoin the attempts by the District to collect on this order, and remand for further proceedings consistent with this opinion.

*Judgment reversed and case remanded. Doyle, P. J., and Senior Appellate Judge Herbert E. Phipps concur*.

---

[23] See *Westpark Walk Owners*, 288 Ga. App. at 635.