# Court of Appeals
# of the State of Georgia

ATLANTA,  September 11, 2023

*The Court of Appeals hereby passes the following order:*

**A24A0142. JIMMIE COPENNY et al. v. KELVIN BROWN.**

In this civil case involving several promissory notes, defendant Kelvin Brown moved for equitable enforcement of the parties' settlement agreement. The trial court granted Brown's motion in part, concluding that the agreement's requirement that Brown pay $149,000.00 to plaintiffs Jimmie, Bobby and Calvin Copenny (the "Copennys") was valid. The court also partially denied Brown's motion, finding that Brown had breached the agreement by failing to pay the Copennys as outlined in the agreement. From that order, the Copennys filed this direct appeal. This Court, however, lacks jurisdiction.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." An order granting a motion to enforce a settlement agreement "is not final until the trial court expressly enters final judgment on that order." *Thomas v. Sheppard*, 349 Ga. App. 871, 871 (827 SE2d 60) (2019) (punctuation omitted). Thus, "notwithstanding the trial court's grant of a motion to enforce a settlement, a case is not at an end until such time as the agreement has been made the judgment of the court, thereby terminating the litigation." *Torres v. Elkin*, 317 Ga. App. 135, 139 (1) (730 SE2d 518) (2012) (punctuation omitted); accord *Underwood v. Underwood*, 282 Ga. 643, 644 (1) (651 SE2d 736) (2007).

Here, the record contains no indication that the trial court has entered a final judgment and made the settlement agreement the judgment of the court. Consequently, because no final judgment has been entered, the Copennys were required to follow the interlocutory appeal procedures – including obtaining a

certificate of immediate review from the trial court – to appeal the order partially granting the motion to enforce the settlement agreement. See OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). Their failure to do so deprives us of jurisdiction over this appeal, which is hereby DISMISSED. See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  09/11/2023*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*