# Court of Appeals
# of the State of Georgia

ATLANTA,  March 08, 2024

*The Court of Appeals hereby passes the following order:*

## A24A1006. ROBIN BUTLER et al v. HEARTLAND MANUFACTURING, INC. et al.

In this action for negligence, breach of contract, and product liability, defendants Camping World, Inc. and Heartland Manufacturing Company moved to enforce the parties' settlement agreement. In September 2023, the trial court granted the motion, ordering plaintiffs Robin Butler, John Butler, and Jorden Butler (the "Butlers") to execute the settlement agreement within ten days of the entry of the order, provide the settlement documents and W-9 tax forms to defendants' counsel, and, upon receipt of the defendants' payment of $6,000 as agreed, dismiss their lawsuit with prejudice. From that order, the Butlers filed this direct appeal. This Court, however, lacks jurisdiction.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." An order granting a motion to enforce a settlement agreement "is not final until the trial court expressly enters final judgment on that order." *Thomas v. Sheppard*, 349 Ga. App. 871, 871 (827 SE2d 60) (2019) (punctuation omitted). Thus, "notwithstanding the trial court's grant of a motion to enforce a settlement, a case is not at an end until such time as the agreement has been made the judgment of the court, thereby terminating the litigation." *Torres v. Elkin*, 317 Ga. App. 135, 139 (1) (730 SE2d 518) (2012) (punctuation omitted); accord *Underwood v. Underwood*, 282 Ga. 643, 644 (1) (651 SE2d 736) (2007).

Here, the record does not show that the trial court has made the settlement

agreement the judgment of the court. Consequently, because no final judgment has been entered, the Butlers were required to follow the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – to appeal the order granting the motion to enforce the settlement agreement. See OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). Their failure to do so deprives us of jurisdiction over this appeal, which is hereby DISMISSED.[1] See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996).



Court of Appeals of the State of Georgia
  Clerk's Office, Atlanta,__03/08/2024_____

          I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

          Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.

---

[1] The Butlers also filed a supplemental notice of appeal from the court's December 2023 order denying their motion for sanctions under OCGA § 9-15-14 (b). We lack jurisdiction over that appeal as well. Generally, appeals from orders granting or denying OCGA § 9-15-14 fees and expenses must be made by discretionary application, not direct appeal. See OCGA § 5-6-35 (a) (10). However, where, as here, the action remains pending below, such an order is also a non-final order requiring the Butlers to follow the interlocutory appeal procedures. See generally *Bailey*, 266 Ga. at 832-833 (party seeking appellate review of an interlocutory order that also implicates the discretionary application statute must comply with interlocutory appeal procedures).