# Court of Appeals
# of the State of Georgia

ATLANTA,  July 10, 2024

*The Court of Appeals hereby passes the following order:*

**A24A1666. RANDY O. CROSBY et al. v. ARTHUR A. SAPP.**
**A24A1777. ARTHUR A. SAPP v. RANDY O. CROSBY et al.**

Randy O. Crosby, individually and derivatively on behalf of AROC Investments, LLC, and AROC Water, LLC; ROC Enterprises, Inc.; and TBL Investments, Inc. ("Plaintiffs") filed a complaint for damages and application for dissolution of limited liability companies against Arthur A. Sapp; AROC Investments; AROC Water; and other companies. Sapp filed a motion to enforce a settlement agreement the parties reached at mediation and for OCGA § 9-15-14 attorney fees and expenses. On May 20, 2024, the trial court granted the motion to enforce the settlement agreement, ordering the parties to execute documents necessary to effectuate the terms of the agreement; and declined to award attorney fees. From the May 20 order, Plaintiffs filed a direct appeal, docketed as Case No. A24A1666. Sapp also filed a cross-appeal, docketed as Case No. A24A1777, challenging the court's denial of his attorney fees motion. This Court, however, lacks jurisdiction over both appeals.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." An order granting a motion to enforce a settlement agreement "is not final until the trial court expressly enters final judgment on that order." *Thomas v. Sheppard*, 349 Ga. App. 871, 871 (827 SE2d 60) (2019) (punctuation omitted). Thus, "notwithstanding the trial court's grant of a motion to enforce a settlement, a case is not at an end until such time as the agreement has been made the judgment of the court, thereby

terminating the litigation." *Torres v. Elkin*, 317 Ga. App. 135, 139 (1) (730 SE2d 518) (2012) (punctuation omitted); accord *Underwood v. Underwood*, 282 Ga. 643, 644 (1) (651 SE2d 736) (2007).

Here, the record does not show that the trial court has made the settlement agreement the judgment of the court. Consequently, because no final judgment has been entered, Plaintiffs were required to follow the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – to appeal the order granting the motion to enforce the settlement agreement. See OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). Their failure to do so deprives us of jurisdiction over their appeal.

As to Sapp's challenge to the denial of his OCGA § 9-15-14 attorney fees motion, such a challenge generally must be made by application for discretionary appeal, or, if the case below is not otherwise subject to direct appeal, an application for interlocutory appeal.[1] Moreover, under OCGA § 5-6-38 (a), a cross-appeal may only be brought where a valid appeal exists. Because Sapp failed to comply with the interlocutory appeal procedure, and no party has filed a valid appeal here, this Court lacks jurisdiction to consider these appeals, which are hereby DISMISSED. See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 07/10/2024

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , Clerk.

---

[1] See OCGA §§ 5-6-35 (a) (10); 5-6-34 (b).