# Court of Appeals
# of the State of Georgia

ATLANTA,  May 16, 2025

*The Court of Appeals hereby passes the following order:*

**A25A1762. TOWN OF LONE OAK et al. v. VP CAPITAL PARTNERS, LLC.**

In this civil action, several defendants filed this direct appeal from the trial court's order granting the plaintiff's motion to enforce a settlement agreement and denying the defendants' motion to dismiss. We lack jurisdiction.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." An order granting a motion to enforce a settlement agreement "is not final until the trial court expressly enters final judgment on that order." *Thomas v. Sheppard*, 349 Ga. App. 871, 871 (827 SE2d 60) (2019) (citation and punctuation omitted); see also *Torres v. Elkin*, 317 Ga. App. 135, 139 (1) (730 SE2d 518) (2012) ("[N]otwithstanding the trial court's grant of a motion to enforce a settlement, a case is not at an end until such time as the agreement has been made the judgment of the court, thereby terminating the litigation.") (citation and punctuation omitted); accord *Underwood v. Underwood*, 282 Ga. 643, 644 (1) (651 SE2d 736) (2007).

Here, the record contains no indication that the trial court has entered a final judgment and made the settlement agreement the judgment of the court. And the denial of the defendants' motion to dismiss similarly did not conclude the trial court proceedings. Consequently, because no final judgment has been entered, the defendants were required to follow the interlocutory appeal procedures — including obtaining a certificate of immediate review from the trial court — to appeal the order at issue here. See OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). Their failure to do so deprives us of jurisdiction over this direct appeal,

which is hereby DISMISSED. See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996).



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,__05/16/2025_____*

   I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

   Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , *Clerk.*