# Court of Appeals of the State of Georgia

ATLANTA, October 28, 2025

*The Court of Appeals hereby passes the following order:*

## A26A0565. GEORGIA DEPARTMENT OF TRANSPORTATION v. JAMES B. WHITE, JR.

In this inverse condemnation case, the Georgia Department of Transportation ("GDOT") appeals from the order of the trial court granting James B. White, Jr.'s motion to enforce a settlement agreement.[1] We, however, lack jurisdiction.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." An order granting a motion to enforce a settlement agreement "is not final until the trial court expressly enters final judgment on that order." *Thomas v. Sheppard*, 349 Ga. App. 871, 871 (827 SE2d 60) (2019) (citation and punctuation omitted); see also *Torres v. Elkin*, 317 Ga. App. 135, 139 (1) (730 SE2d 518) (2012) ("[N]otwithstanding the trial court's grant of a motion to enforce a settlement, a case is not at an end until such time as the agreement has been made the judgment of the court, thereby terminating the litigation.") (citation and punctuation omitted).

In this case, the record contains no indication that by entering its order the trial court entered a final judgment in the case. Consequently, because no final judgment has been entered, the GDOT was required to follow the interlocutory appeal procedures — including obtaining a certificate of immediate review from the trial court — to appeal the order granting the motion to enforce the settlement agreement.

---

[1] This case was previously before this Court in *Georgia Dep't of Transp. v. White*, 367 Ga. App. 65 (885 SE2d 53)(2023), in which we reversed the trial court's grant of partial summary judgment.

See OCGA § 5-6-34 (b). The GDOT's failure to do so deprives us of jurisdiction over the appeal. See OCGA § 5-6-34 (b); *Thomas*, 349 Ga. App. at 871.

Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*   10/28/2025

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , Clerk.